334 So.2d 628 (1976)
Earl Victor SUTTON, Appellant,
v.
STATE of Florida, Appellee.
No. 75-950.
District Court of Appeal of Florida, Fourth District.
July 9, 1976.
*629 Richard L. Jorandby, Public Defender, and James R. Merola, Special Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Anthony C. Musto, Asst. Atty. Gen., West Palm Beach, for appellee.
ALDERMAN, Judge.
Appellant timely appeals his conviction and life sentence for first degree murder.
We have examined the record, and find that there was substantial, competent evidence to support the verdict. We have also considered appellant's objection to a comment made by the prosecutor during closing argument, and find no error.
Appellant also complains that he was sentenced without being given credit for time served as prescribed in Fla. Stat. § 921.161(1) (1975). The state argues that inasmuch as appellant has been sentenced to life imprisonment it is irrelevant whether he receives credit for time served. We disagree. Appellant was sentenced in accordance with Fla. Stat. § 775.082(1) (1975). He therefore is required to serve no less than 25 years before becoming eligible for parole. Credit for time served prior to sentencing may be applied against this minimum 25 years that appellant must serve.
We vacate the sentence and remand with instructions to resentence defendant giving him credit for time served in the county jail.
Affirmed in part, reversed in part, and remanded with directions.
WALDEN, J., concurs.
CROSS, J., dissents, with opinion.
CROSS, Judge (dissenting):
I respectfully dissent.
I construe Section 921.161(1), Florida Statutes, requiring that a court imposing sentence allow a defendant credit for all time spent in county jail before sentence as not applicable when the court has imposed a life sentence. Accordingly, I would affirm the sentence.