573 So.2d 10 (1990)
Jonathan A. BELL, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2570.
District Court of Appeal of Florida, Fifth District.
October 11, 1990.
Rehearing Denied January 22, 1991.
*11 James B. Gibson, Public Defender, and Daniel J. Schafer, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Rebecca R. Wall, Asst. Atty. Gen., Daytona Beach, for appellee.
PETERSON, Judge.
Jonathan A. Bell appeals his adjudication as a habitual offender and the credit given for jail time served by him prior to sentencing. We affirm his adjudication but remand for credit to his sentence of a proper award of jail time credit in accordance with section 921.161, Florida Statutes (1989).
Bell argues that the habitual offender statute, section 775.084, Florida Statutes (1989), is unconstitutional. The constitutionality of this statute was upheld in King v. State, 557 So.2d 899 (Fla. 5th DCA), rev. denied, 564 So.2d 1086 (Fla. 1990).
Bell also claims that he was not fully credited with jail time in trial court case number 88-9821 in which he was convicted of armed robbery and aggravated assault, adjudged a habitual offender, and sentenced to life imprisonment for the armed robbery and to 10 years for the assault to be served consecutively to the life sentence. Bell was also convicted of armed robbery and simple assault, a misdemeanor, in trial court case number 89-2951. In that case, he was sentenced as a habitual offender to life imprisonment for the robbery with a concurrent sentence of 60 days time served for the misdemeanor assault. The sentence in the latter case was to be served consecutively to the sentence in case number 88-9821. Bell argues that he should also receive a 60-day credit for the armed robbery sentence in case number 89-2951 since the sentences in that case were to be served concurrently.
Credit is applicable to a life sentence for purposes of calculating eligibility for parole. See Lemley v. State, 362 So.2d 691 (Fla. 4th DCA 1978); Sutton v. State, 334 So.2d 628 (Fla. 4th DCA 1976); see also Coleman v. State, 326 So.2d 217 (Fla. 2d DCA 1976). Bell may also become eligible for conditional release under sections 921.001(11)(e) and 947.1405, Florida Statutes (1989), and credit may affect the calculation of an early release date.
Jail time credit need not be applied to all consecutive sentences but must be applied to one. When a defendant receives concurrent sentences, the credit must be applied to each of the concurrent sentences. See Daniels v. State, 491 So.2d 543 (Fla. 1986). Bell should be allowed credit for 60 days against the life sentence he is serving for the felony in case number 89-2951, but need not be given any credit for the sentences imposed in case number 88-9821. We affirm Bell's adjudication as a habitual offender but reverse and remand as to the credit given for time served.
*12 AFFIRMED in part; REVERSED in part and REMANDED for proper award of credit.
DAUKSCH and W. SHARP, JJ., concur.