633 So.2d 482 (1994)
Jeffrey JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 92-4148.
District Court of Appeal of Florida, First District.
February 23, 1994.
Nancy A. Daniels, Public Defender, and Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard Parker, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Jeffrey Jones appeals sentences imposed upon revocation of probation, contending that the trial court erred in not giving him full credit for all time served in prison on the original sentences and time spent in jail awaiting sentencing for revocation of probation. We reverse in part and affirm in part.
In May 1990, Jones pleaded nolo contendere to offenses of selling cocaine (count 1) and possessing cocaine with intent to sell or deliver (count 2), both second degree felonies. He was sentenced to concurrent sentences of 5 years in prison to be followed by a 5-year period of probation.[1] In February 1992, after completing the imprisonment portions of his sentences and being released on probation, *483 Jones was charged with violating certain conditions of probation. The trial court accepted his plea of nolo contendere to several violations, revoked his probation, and sentenced him on the original counts to: (1) 15 years' imprisonment on the sale charge in count 1, with credit for 5 years served in prison prior to the probationary period plus 238 days served in jail after arrest for violating probation while awaiting sentencing; and (2) 15 years' imprisonment on the possession charge in count 2, without credit for any time served, to run consecutively to the sentence on count 1.
Jones asserts that in imposing the sentence on count 2, the trial court erred in not awarding him credit for 5 years' prison time served and 238 days' jail time served, as the court had done in respect to the sentence on count 1. He argues that, since he originally received concurrent 5-year sentences to be followed by probation, the time spent in prison related to both charges, thus entitling him to credit for 5 years' imprisonment on both charges. He further argues that approval of the sentence imposed for the possession count without credit for the time previously served would result in a sentence on that count that exceeds the statutory maximum.
The state contends that the sentences imposed were proper because credit for time served need not be applied to each sentence when the sentences run consecutively after violation of probation. The state recognizes no distinction between time spent in jail while awaiting sentencing and time served on a sentence of imprisonment, and argues that the same rules govern credit for such jail time and prison time, with any difference in the rules depending on whether the subsequent offenses are concurrent or consecutive. See, e.g., Knight v. State, 517 So.2d 87 (Fla. 1st DCA 1987); Bell v. State, 573 So.2d 10 (Fla. 5th DCA 1990); Hipp v. State, 509 So.2d 1208 (Fla. 4th DCA 1987); Keene v. State, 500 So.2d 592 (Fla. 2d DCA 1986).
Contrary to the state's contention, credit for time served in prison on a sentence is treated differently from time served in jail awaiting sentencing. As to the issue of Jones's entitlement to credit for time served in prison on the concurrent sentences, the cases cited by the state are not applicable to the circumstances in this case and we reject the state's argument. As stated in State v. Green, 547 So.2d 925, 926 (Fla. 1989):
Upon resentencing after violation of the probation, Green was clearly entitled to credit for the time served on the original sentence. State v. Holmes, 360 So.2d 380 (Fla. 1978); see also North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).
Accordingly, upon revocation of probation being served as part of a split sentence, the offender is entitled to have the "credit for time served" applied against the sentence of imprisonment imposed after revocation. Under this rationale, it was error for the trial court not to give Jones credit for the time he actually served in prison against both sentences imposed upon revocation of his probation. To accept the state's argument would compel Jones to serve 15 years on the possession count after having already served time on that count prior to violating probation, for a total sentence that would necessarily exceed the 15-year statutory maximum term for that offense. See §§ 893.13 and 775.082, Fla. Stat. (1989). Unlike Green, however, Jones's offenses were committed on October 19, 1989, after the October 1, 1989, effective date of subsection 948.06(6), Florida Statutes (1989); thus, "credit for time served" no longer includes forfeited gain-time or commutation of time for good conduct earned up to the date of his release on probation. § 948.06(6), Fla. Stat. (1989); Ch. 89-531, §§ 13 and 20, 2720-21, Laws of Fla.; Bradley v. State, 631 So.2d 1096 (Fla. 1994); Tripp v. State, 622 So.2d 941, 942 n. 2 (Fla. 1993).[2]
*484 The trial court did not err in denying credit against the sentence on count 2 for 238 days' jail time served while Jones awaited sentencing for revocation of probation because the sentence imposed on that count was made consecutive to the sentence imposed on count 1. Daniels v. State, 491 So.2d 543, 545 (Fla. 1986); Knight v. State, 517 So.2d 87 (Fla. 1st DCA 1987).
Accordingly, the sentence on count 2 is vacated and this cause is remanded for modification of the sentence in accordance with this opinion.
REMANDED.
ZEHMER, C.J., and BOOTH and WOLF, JJ., concur.
NOTES
[1] The record is unclear regarding the exact sentence imposed upon Jones's conviction of these offenses; for purposes of this appeal we have accepted the sentences orally announced by the trial court at the sentencing hearing. However, it seems clear that at the violation of probation hearing the trial court treated the original sentences as we have.
[2] In Moultrie v. State, 618 So.2d 789 (Fla. 1st DCA 1993), this court stated that "[i]n 1990, the legislature effectively overruled Green, when it enacted what is now section 948.06(6), Florida Statutes. Ch. 89-526, § 8, at 2664, Laws of Fla." That statement is inaccurate because Moultrie failed to consider subsequent legislation in chapter 89-531, sections 13 and 20, Laws of Florida, enacted during the same session of the legislature, which added subsection 948.06(6) effective on October 1, 1989. Chapter 89-526 "added control release to the application of the statute" effective September 1, 1990. See Bradley v. State, 631 So.2d 1096 (Fla. 1994).