W. SHARP, Judge.
We have examined the record in the above case and have found no reversible error apparent on its face. See State v. Causey, 503 So.2d 321 (Fla.1987). The defendant in this case, Curtis Huff, entered a no contest plea to three counts, and his sentence conforms to the plea bargain and is otherwise legal.
This case is not (as Huff claims) like Koenig v. State, 597 So.2d 256 (Fla.1992). Here, three transcripts included in the record on appeal rebut his argument that the record does not contain a sufficient factual basis to stipulate to the facts underlying the plea.
However, we agree with Huff that he is entitled to credit for time served on all three counts which are to run concurrently. As we stated in Bell v. State, 573 So.2d 10, 11 (Fla. 5th DCA 1990), “[wjhen a defendant receives concurrent sentences, the credit must be applied to each of the concurrent sentences. See Daniels v. State, 491 So.2d 543 (Fla.1986).”
Accordingly, we affirm Huffs adjudication and sentence as an habitual violent offender. We remand for the sole purpose of modifying the sentences to reflect credit for time served on all three counts. Huff need not be present.
AFFIRMED; REMANDED for proper award of credit.
DAUKSCH and GRIFFIN, JJ., concur.