PER CURIAM.
Appellant Baker brings this direct appeal and contends that his sentences for various offenses are illegal. Baker previously entered pleas of guilty to charges of grand theft and was placed on community control and probation. When he violated community control, the court sentenced him to four years of imprisonment followed by one year of probation on two of the counts, and four years of imprisonment followed by two years probation on the third count. It appears from the record that Baker was approved for the boot camp program at this time. The State asserts that he completed the program and was released, whereupon he violated his probation. Yet at the probation revocation hearing Baker stated that he was not accepted into the boot camp program because of medical problems. In any event, Baker was at some point released and then committed new offenses. The court revoked his probation and sentenced him to serve 47 months in prison on all counts to run concurrently.
Baker claims that since he served four years in prison, his sentence of 47 months plus the four years served exceeds the statutory maximum for a third degree felony of five years and is therefore illegal. The State answers that Baker did not serve four years, but was diverted into the boot camp program and released after five months; therefore his sentence is not illegal. There does not appear to be any factual support for either contention in this record. Since it is impossible to determine from the record how much time Baker actually served on his original sentences, we must reverse and remand for further proceedings on this point. See Bailey v. State, 656 So.2d 626 (Fla. 1st DCA 1995). However, we note that Baker cannot add the amount of time he has already served to the new sentences and then claim that the sentence is illegal if that amount exceeds the statutory maximum. See Jamail v. State, 637 So.2d 362 (Fla. 1st DCA 1994). When a defendant is given a probationary split sentence and probation is thereafter revoked, the court may resentence the defendant to any sentence which it might originally have imposed subject only to the guidelines. Poore v. State, 531 So.2d 161 (Fla.1988); State v. Holmes, 360 So.2d 380 (Fla.1978). However, credit must always be afforded for any time spent in prison or jail on a particular sentence. Gardner v. State, 656 So.2d 933 (Fla. 1st DCA 1995). Since the sentence of 47 months does not exceed the statutory maximum of five years, it is not illegal. This is simply a case in which Baker may have a valid claim that he was not properly credited for time served.
Baker also contends, and the State concedes, that the written order revoking probation does not conform to the court’s oral pronouncements as to the amount of restitution that was in arrears on one count. There is also a claim that there is a scrivener’s *1052 error in the sentencing order for ease no. 93-251.
As the record does not enable us to determine whether or not Baker has been properly credited with time served, we reverse and remand with directions to the trial court to reconsider the issue and correct Baker’s sentence if necessary. The court is also directed to enter a written order that conforms to its oral pronouncement, see Mayorga v. State, 657 So.2d 72 (Fla. 3d DCA 1995), and correct any scrivener’s errors in case no. 93-251.
Reversed and remanded with directions.