693 So.2d 626 (1997)
Albert TILLMAN, Appellant,
v.
STATE of Florida, Appellee.
Nos. 96-03668, 96-04588.
District Court of Appeal of Florida, Second District.
March 26, 1997.
*627 Bernard F. Daley, Jr., of Daley & Associates, Tallahassee, for Petitioner.
Albert Tillman, pro se.
PER CURIAM.
In these consolidated appeals, Albert Tillman challenges the orders of the trial court denying his motions to correct illegal sentences filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Tillman raises three claims. We affirm the trial court's ruling that Tillman's sentences do not exceed the statutory maximum for second-degree felonies. We also affirm the trial court's determination that the total sentence imposed does not constitute an unlawful departure from the sentencing guidelines. As to Tillman's claim that he did not receive the proper amount of credit for his prior prison stays upon being resentenced to prison after violating probation, we reverse and remand for further proceedings.
In January of 1987, Tillman was sentenced on four Polk County robberies to concurrent terms of three years in prison followed by seven years' probation on each case. The trial court case numbers were 86-4133, 86-4053, 86-4054 and 86-4055. Tillman violated his probation by committing a new Polk County robbery. As a result, he was sentenced on each case, in May of 1988, to concurrent terms of nine years in prison followed by three years' probation. The attachments to the trial court's orders reflect that in case numbers 86-4133, 86-4053, 86-4054 and 86-4055 Tillman was given 399 days "jail credit" for time served in each case.
While serving the probationary portion of the split sentences in these cases, Tillman was arrested for a robbery in Manatee County. On July 31, 1992, the trial court revoked Tillman's probation on the five Polk County cases. He was sentenced to fifteen years' imprisonment on case numbers 86-4133 and 87-4910 and five years' imprisonment on case numbers 86-4053, 86-4054 and 86-4055. According to Tillman's motion, all of the sentences in the Polk County cases were run consecutively to each other, except that the sentence in case number 86-4053 was run concurrently with the sentence in case number 86-4054, for a total sentence of forty years. The record does not contain copies of the 1992 judgments and sentences. However, the scoresheet filed with the clerk on July 31, 1992, indicates that Tillman received a total sentence of forty years' state prison consecutive to the sentence imposed for the Manatee county robbery. The recommended sentencing range on the scoresheet was seventeen to twenty-two years.
Tillman filed a motion in the trial court, pursuant to Florida Rule of Criminal Procedure 3.800(a), claiming that the sentences in trial court case numbers 86-4053, 86-4054 and 86-4055 were illegal because, in each case, he was sentenced to a total of seventeen years' imprisonment which is above the fifteen-year statutory maximum for a second-degree felony. While the denial of that motion was pending on appeal, Tillman filed another motion in the trial court, pursuant to rule 3.800(a), alleging that he was not given the proper credit in case numbers 86-4053, 86-4054 and 86-4055 for the time that he served in prison prior to his 1992 sentencing on the violations of probation.[1] Tillman also alleged that the 1992 sentences in case numbers 86-4133, 86-4053, 86-4054 86-4055 and 87-4910, which totalled forty years, are illegal because the trial court exceeded the one cell "bump-up" permitted under the guidelines that apply to his cases.
First, we consider Tillman's claim that the trial court's use of a two-cell "bump up" on the violation of probation sentences constituted an unlawful departure from the sentencing guidelines. Tillman's guidelines scoresheet on the Polk County cases placed him in the recommended range of seventeen to twenty-two years in prison. The trial court sentenced Tillman to forty years in prison, which was two cells above the recommended *628 range. In cases where there have been multiple violations of probation, "the sentences may be bumped one cell or guideline range for each violation." Williams v. State, 594 So.2d 273 (Fla.1992). Because Tillman violated his probation twice, the sentences imposed were lawful.
Next, as we have already indicated, Tillman's claim that the sentences imposed in case numbers 86-4053, 86-4054 and 86-4055 exceeded the statutory maximum has no merit. The underlying charges in these cases were second-degree felonies which carry a maximum sentence of fifteen years. At no time was Tillman ever sentenced to a term of prison that exceeded fifteen years. Tillman adds together each of the prison terms imposed in each of these cases to arrive at his conclusion that he received a seventeen-year sentence. However, he fails to consider the fact that he is entitled to credit against each sentence for prison time previously served and the effect it has on the computation of total years actually served. See State v. Green, 547 So.2d 925 (Fla.1989). When Tillman was sentenced to nine years for his first violation of probation, he was entitled to credit for the three years that he previously served. Therefore, upon completion of his nine-year sentence, he had actually served a total of nine years in prison, not twelve. When he was subsequently sentenced for a second violation of probation, the trial court could have imposed a fifteen-year sentence, with credit for the nine years previously served, which would have resulted in Tillman serving an additional six years of actual incarceration. Instead, the trial court imposed a five-year sentence, which is clearly below the statutory maximum of fifteen years and is, therefore, a legal sentence. However, once again, Tillman is entitled to credit for time previously served in prison.
At this point we turn our attention to Tillman's claim that he did not receive the credit for time previously spent in prison. The offenses in the cases for which Tillman is seeking prison credit all occurred in 1986. Under State v. Green, 547 So.2d 925 (Fla. 1989), and Bradley v. State, 631 So.2d 1096 (Fla.1994), in a probationary split sentence situation where the offense for which the defendant is convicted was committed prior to October 1, 1989, and the defendant who is sentenced to prison followed by probation violates that probation, he or she is entitled to have the time served in prison, plus any unforfeited gain time accrued, applied to the sentence. If the trial court did not apply the proper prison credit (including unforfeited gain time) from the 1987 three-year sentences against the 1988 nine-year sentences, Tillman is entitled to have that credit applied to his present five-year sentences, along with the credit he is entitled to receive from his nine-year sentences. Furthermore, Tillman is entitled to have this credit applied to each of the sentences imposed in case numbers 86-4053,86-4054, and 86-4055 notwithstanding the fact that the sentences were ultimately run consecutively to trial court case numbers 86-4133 and 87-4910 and the fact that 86-4055 was run consecutively to 86-4053 and 86-4054. See Jones v. State, 633 So.2d 482 (Fla. 1st DCA 1994) (defendant who originally received two concurrent five-year prison sentences followed by probation on two counts was entitled to credit for prior time served in prison upon resentencing even though consecutive prison sentences were imposed). Accordingly, we reverse the trial court's denial of Tillman's claim for credit and remand with directions that the trial court enter an order awarding Tillman credit for all time previously served in prison on case numbers 86-4053, 86-4054, and 86-4055.[2]
Affirmed in part, reversed in part with directions.
BLUE, A.C.J., and FULMER and QUINCE, JJ., concur.
NOTES
[1] Tillman acknowledges that he was previously given the proper credit for time served on trial court case numbers 86-4133 and 87-4910.
[2] We recognize that the credit to be awarded exceeds the sentences against which it applies and will, no doubt, result in a determination that Tillman has completed his sentence in these cases. Of course, it does not affect his remaining sentences.