PER CURIAM.
Vlademir McKeithan challenges the length of his sentence for manslaughter which was imposed following revocation of his probation. Because McKeithan’s sentence exceeds the statutory maximum, we reverse.
McKeithan was charged with manslaughter, a second-degree felony. Pursuant to a plea agreement, he was sentenced to a probationary split sentence of four years’ imprisonment followed by eleven years’ probation. The maximum sentence for a second-degree felony is fifteen years’ imprisonment. § 775.082(3)(c), Fla. Stat. (1995). Following his prison term and nine months into the probationary period, McKeithan violated the terms of his probation. McKeithan’s probation was revoked, and he was sentenced to twelve years’ imprisonment. This sentence exceeds the statutory maximum by one year.
A defendant who is sentenced following a probation violation cannot be sentenced to a term of imprisonment greater than the term which could originally have been imposed, with credit for time served. Poore v. State, 531 So.2d 161 (Fla.1988); Baker v. State, 676 So.2d 1050 (Fla. 3d DCA 1996). After consideration of the credit applicable here, the maximum sentence the court can impose is eleven years.
We reverse and remand for resentencing since the twelve year sentence imposed exceeds the maximum for this offense.
THREADGILL, A.C.J., and QUINCE and NORTHCUTT, JJ., concur.