726 So.2d 351 (1999)
Michael Van THOMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3782
District Court of Appeal of Florida, First District.
January 27, 1999.
Nancy A. Daniels, Public Defender; Nancy L. Showalter, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Edward C. Hill, Jr., Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
We have for review on direct appeal the convictions and sentences of Michael Van Thompson (Thompson) for two felony offenses. We affirm the convictions and reverse the sentences.
A jury found Thompson guilty of sexual battery (by using a gun and threatening to use deadly force), and attempted sexual battery, as charged. Thompson committed these crimes in Leon County against the same victim on two different dates: between February 1 and March 1, 1995, and on July 13, 1995. The trial judge sentenced Thompson to prison for sixty years on count one, and ten years on count two, as an habitual offender, to run consecutively.
This court holds that an illegal sentence is fundamental error and thus can be raised for the first time on appeal, despite the failure to raise the issue before the trial judge. Nelson v. State, 719 So.2d 1230 (Fla. 1st DCA 1998). Thompson argues that his sentences are illegal because his prior offenses do not qualify for habitual offender sentencing, being more than five years before his instant rape conviction; the State concedes as much. Thompson's habitual felony offender sentences hence must be vacated, and this case is remanded for resentencing. Nelson.
We affirm Thompson's convictions despite a victim outburst at the trial, for the *352 single outburst did not "vitiate the entire trial." Reaves v. State, 639 So.2d 1, 5 (Fla. 1994) (affirming the imposition of the death penalty, despite a number of harmless trial errors).
The trial judge correctly exercised his discretion in denying Thompson's motion for mistrial; we therefore affirm Thompson's convictions. Thompson's habitual felony offender sentences however must be vacated, and we remand for resentencing.
AFFIRMED in part and REVERSED in part.
BOOTH, LAWRENCE and DAVIS, JJ., CONCUR.