728 So.2d 1188 (1999)
Ralph Edward CROMPTON, Appellant,
v.
STATE of Florida, Appellee.
No. 98-3402.
District Court of Appeal of Florida, First District.
March 5, 1999.
Appellant, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Ralph Edward Crompton was convicted of first-degree murder and was sentenced pursuant to section 775.082(1), Florida Statutes (1995), to life imprisonment with no possibility of parole. He filed a rule 3.800(a) motion claiming that he is entitled to 283 days credit for time spent in the county jail prior to sentencing. The trial court denied the motion, stating that Crompton had already filed an identical motion, which the trial court had denied. It also concluded that because Crompton was serving a life sentence without the possibility of parole, the failure to award 283 days credit could not constitute an illegal *1189 sentence raisable in a rule 3.800(a) motion. The trial court did not attach a copy of the original motion or its order denying the motion.
Section 921.161(1), Florida Statutes (1995), requires that defendants receive credit for all of the time spent in the county jail before sentence. The statute and case law do not qualify that this provision is not applicable to those serving life sentences without the possibility of parole. The failure to award jail credit for time served before sentencing constitutes an illegal sentence. See State v. Mancino, 714 So.2d 429 (Fla.1998).
Appellant's motion, however, fails the pleading requirements of Mancino and Baker v. State, 714 So.2d 1167 (Fla. 1st DCA 1998). Therefore, we affirm the trial court's denial of appellant's rule 3.800(a) motion, but we do so without prejudice to appellant's ability to file a properly pled rule 3.800(a) motion in the trial court. See Combs v. State, 24 Fla. L. Weekly D260a, 723 So.2d 931 (Fla. 1st DCA 1999).
ERVIN, ALLEN and DAVIS, JJ., CONCUR.