PER CURIAM.
The appellant, Michael Van Thompson, contends that in re-sentencing him, the trial court erred in denying him credit for prison time served in Circuit Court Case No. 95-3676. The State rightfully concedes the error. Accordingly, we reverse the sentence in Circuit Court Case No. 95-3676 and remand the case to the trial court with instructions to give the appellant credit for all time served, including time spent in the custody of the Florida Department of Corrections (DOC).
The appellant was convicted in Circuit Court Case No. 95-2472 of sexual battery *594 (by using a gun and threatening to use deadly force) in Count One and attempted sexual battery in Count Two. He committed these crimes upon the same victim on two different dates. The trial court classified him as an habitual felony offender (HFO) and sentenced him on the respective counts to 60 and 10 years, to run consecutively. In Circuit Court Case No. 95-3676, the appellant was convicted of sexual battery by some force or violence. He was sentenced as an HFO to 20 years, to run concurrently with the Count One sentence in the other case. On direct appeal, the HFO sentences in both cases were vacated for lack of prior qualifying offenses, and the cases were remanded for re-sentencing. See section 775.084(1)(a)2, Florida Statutes (1995); Thompson v. State, 732 So.2d 1212 (Fla. 1st DCA 1999); Thompson v. State, 726 So.2d 351 (Fla. 1st DCA 1999).
The appellant served approximately four years in prison prior to the September 1999 re-sentencing. In Circuit Court Case No. 95-2472, the trial court re-sentenced the appellant to 12 years on Count One and to 5 years on Count Two, to run concurrently. The court awarded credit for time served. However, in Circuit Court Case No. 95-3676, when the trial court re-sentenced the appellant to 14 years, to run consecutively to Count One in the other case, no credit was given for time already served in DOC custody. All parties agree that in denying the appellant’s request for credit for time served in the latter case, the trial court erred. See Tillman v. State, 693 So.2d 626 (Fla. 2d DCA 1997); Jones v. State, 633 So.2d 482 (Fla. 1st DCA 1994).
The sentence in Circuit Court Case No. 95-3676 is REVERSED, and the case REMANDED, with instructions.
ALLEN, BENTON and BROWNING, JJ., CONCUR.