910 So.2d 322 (2005)
Jason A. GILLESPIE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-2025.
District Court of Appeal of Florida, Fifth District.
September 9, 2005.
*323 Jason A. Gillespie, Sneads, pro se.
No Appearance for Appellee.
PALMER, J.
Jason Gillespie (defendant) appeals the trial court's order denying his rule 3.800(a)[1] motion to correct an illegal sentence. Concluding that no error was committed by the trial court, we affirm.
The defendant was convicted on two counts of arson and sentenced to two concurrent terms of fifteen years' incarceration with jail time credit of 1166 days. He was also convicted of committing the crimes of arson and burglary and sentenced to four terms of five years' incarceration with no award of jail credit. Said terms were ordered to run consecutive to the sentences imposed on the arson charges, but concurrent with each other.
The defendant filed a rule 3.800 motion asserting that he was entitled to receive 1166 days of jail credit on the arson and burglary sentences. The trial court properly denied the motion.
Section 921.161 of the Florida Statutes provides that a defendant is entitled *324 to receive credit for all time spent in the county jail before sentencing. When a defendant receives concurrent sentences, the credit must be applied to each of the concurrent sentences. See Daniels v. State, 491 So.2d 543 (Fla.1986). However, jail time credit need not be applied to all consecutive sentences. See Bell v. State, 573 So.2d 10 (Fla. 5th DCA 1990).
In the instant case, the trial court correctly awarded the defendant 1166 days jail time credit on the two concurrent sentences which were imposed on the arson crimes. Under the reasoning in Daniels and Bell, the trial court was not required to also award that same jail time credit to the remaining consecutive sentences imposed on the arson and burglary convictions. In fact, such an award would have resulted in an improper multiple award of credit.
The defendant also argues that the Department of Corrections (DOC) improperly structured his sentence to reflect a term of 25 years' rather than 20 years' imprisonment. However, this claim deals with DOC's interpretation of the defendant's sentence, not the trial court's sentence itself. Therefore, the defendant must raise this claim by seeking administrative relief through the DOC. See Colson v. State, 830 So.2d 194 (Fla. 4th DCA 2002); Killings v. State, 567 So.2d 60 (Fla. 4th DCA 1990). While the defendant asserts that he has "tried several times" to rectify the problem with his classification officer and DOC's main headquarters, he fails to allege that he has sought a proper administrative remedy or that the matter has been resolved and his remedies have been exhausted. As such, the proper remedy is for the defendant to seek mandamus relief in the circuit court after the administrative process through the DOC has been exhausted. See Duggan v. Dep't. of Corrections, 665 So.2d 1152 (Fla. 5th DCA 1996).
AFFIRMED.
SHARP, W. and THOMPSON, JJ., concur.
NOTES
[1] See Fla.R.Crim.P. 3.800(a).