927 So.2d 68 (2006)
Michael BARNISHIN, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-0608.
District Court of Appeal of Florida, First District.
April 5, 2006.
*69 Nancy A. Daniels, Public Defender; Terry Carley, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; Trisha Meggs Pate, Assistant Attorney General, Tallahassee, for Appellee.
BENTON, J.
Michael Barnishin appeals revocation of his probation in two cases and the failure to give credit for jail time on the second of two consecutive sentences then imposed. We affirm the revocation of probation, but vacate the second sentence, and remand with directions that proper jail credit be awarded.
*70 At issue are probationary split sentences. See Franklin v. State, 545 So.2d 851, 853 (Fla.1989) (holding that "[u]pon a violation of probation during a probationary split sentence, a trial court may resentence the defendant" "with credit for time served"). Mr. Barnishin was entitled to credit for all time served on each sentence, upon resentencing after probation was revoked. See Van Thompson v. State, 771 So.2d 593, 594 (Fla. 1st DCA 2000).
Convicted on no contest pleas of two felonies, possession of a firearm by a convicted felon and dealing in stolen property, Mr. Barnishin was initially placed on two years' community control in each case. In time, community control was revoked in each case, reinstated, then revoked again.
After the second revocation of community control, he was placed on felony drug offender probation in both cases for eighteen months, on condition that he undergo residential treatment for drug addiction, and remain in jail pending placement in a treatment program. In addition, he was sentenced to time served: He received concurrent sentences of seventy-four days' imprisonment, offset by seventy-four days' jail credit on each sentence.
He began, then decided to abandon, the drug treatment program. At the ensuing probation revocation hearing, his own testimony established that he deliberately violated condition (3) of his probation by changing his residence without the consent of his probation officer; and condition (12) by "failing to successfully complete or remain in drug/alcohol residential treatment program." (The trial court found that the state failed to prove a third allegation.)
After revoking probation in both cases, the trial court resentenced him: In No. 2003CF003872A (possession of a firearm by a convicted felon), he was sentenced to three years' imprisonment with 135 days' credit for time served. In No. 2003CF003982A (dealing in stolen property), he was sentenced to a consecutive term of five years' imprisonment with only two days' credit for time served. (In neither case did he receive, nor does he seek here, credit for the seventy-five days he spent in the residential drug treatment program. See Pennington v. State, 398 So.2d 815, 816 (Fla.1981). See also State v. Cregan, 908 So.2d 387, 389 (Fla.2005); Tal-Mason v. State, 515 So.2d 738, 739 (Fla.1987).).
Defense counsel filed a motion to correct sentencing error under Rule 3.800(b)(2), arguing, in effect, that "in imposing the sentence on count 2 [here a single count in a separate case], the trial court erred in not awarding him credit. . ., as the court had done in respect to the sentence on count 1 [here a single count in a separate case]" because, "since he originally received concurrent ... sentences to be followed by probation, the time spent in [custody] related to both charges, thus entitling him to credit ... on both charges." Jones v. State, 633 So.2d 482, 483 (Fla. 1st DCA 1994). The trial court denied the motion.
Section 921.161(1), Florida Statutes (2004), directs that any person sentenced must receive credit for all time spent in jail prior to the imposition of sentence. See Crompton v. State, 728 So.2d 1188, 1189 (Fla. 1st DCA 1999) ("The failure to award jail credit for time served before sentencing constitutes an illegal sentence."). But the precise legal consequences of spending time in jail before initial sentencing can remain unclear until acquittal or sentencing. If a defendant is acquitted of all charges, of course, his prosecution will result in no sentence against which time spent in jail must be credited under section 921.161(1). If convicted of a single offense, the defendant is entitled to credit for time he spent in jail before any incarcerative sentence was pronounced.
*71 If convicted of multiple offenses, the defendant must be given credit only on the first of consecutive sentences. When consecutive sentences are imposed, "the defendant `is not entitled to have his jail time credit pyramided by being given credit on each sentence for the full time he spends in jail awaiting disposition.'" Daniels v. State, 491 So.2d 543, 545 (Fla.1986) (emphasis omitted) (quoting Martin v. State, 452 So.2d 938, 938-39 (Fla. 2d DCA 1984)). See also Bell v. State, 573 So.2d 10, 11 (Fla. 5th DCA 1990). On the other hand, when a defendant is entitled to presentence jail-time credit against concurrent sentences, jail time must be credited against each concurrent sentence. See Daniels, 491 So.2d at 545. When sentences are imposed concurrently, the defendant receives credit on each sentence for time spent in jail before sentencing.
Mr. Barnishin spent time in jail following his arrest for the probation violations that led to the resentencing. This final increment is analogous to time spent in jail before sentencing initially occurs. Time spent in jail before sentencing initially occurs differs from time served as part of (or already credited against) a sentence. See Jones, 633 So.2d at 483 ("Contrary to the state's contention, credit for time served in prison on a sentence is treated differently from time served in jail awaiting sentencing."). Not until acquittal or initial sentencing does antecedent time in jail lose its protean character. Here, the time spent awaiting the probation revocation hearing and consequent resentencing partook of the same indeterminate character. Untilfor the first time upon revocation of his probationthe trial court imposed consecutive sentences, the precise contours of the credit for the time he spent in jail between arrest and resentencing were not clear.
Once consecutive sentences were pronounced, the nature of the credit for the time he spent in jail between arrest and resentencing was fixed. As to this final increment only, the trial court did not err in refusing to give Mr. Barnishin credit at resentencing against the second consecutive sentence, the sentence imposed in No. 2003CF003982A. See Jones, 633 So.2d at 484 ("The trial court did not err in denying credit against the sentence on count 2 for 238 days' jail time served while Jones awaited sentencing for revocation of probation because the sentence imposed on that count was made consecutive to the sentence imposed on count 1."); see also Daniels, 491 So.2d at 545; Bell, 573 So.2d at 11; Knight v. State, 517 So.2d 87, 88 (Fla. 1st DCA 1987) ("Appellant is not entitled to credit on each of his consecutive sentences....").
But Mr. Barnishin should have received credit for seventy-four days on each sentence, because he was sentenced to and had served seventy-four days on both sentences. He should also have received credit on each sentence for the time he served in jail, as a condition of probation in both cases, from August 19, 2004, until August 31, 2004, awaiting a place in a drug treatment program. See Truette v. State, 914 So.2d 1074, 1074 (Fla. 1st DCA 2005) ("Because Appellant served time in jail as a special condition of his probation, he is entitled to credit for that time. . . .").
Accordingly, we affirm the revocation of probation in both cases and the sentence in No. 2003CF003872A, but, as was done in Jones, 633 So.2d at 484, we vacate the sentence in No. 2003CF003982A and remand "for modification of the sentence in accordance with this opinion."
BARFIELD and WEBSTER, JJ., concur.