PALMER, J.
 

 Corey Barbour appeals the trial court’s order denying his motions seeking post-conviction relief.
 
 See
 
 Fla. R.Crim. P. 3.850. Although Barbour raises eleven claims in his motions, only one merits discussion. Specifically, in ground ten, Barbour alleges that his sentence is illegal because he did not receive proper credit for the time he served in the county jail. The trial court denied this claim, stating that Barbour received credit for the time he served in county jail in a separate case and, since Barbour’s sentence in the instant case was ordered to run consecutively to the sentence in the separate case, he was not entitled to receive any additional jail credit.
 

 The trial court is correct that a defendant is not entitled to receive credit for time served on each sentence when the court imposes consecutive sentences.
 
 See Gillespie v. State,
 
 910 So.2d 322 (Fla. 5th DCA 2005). Howrever, the trial court did not attach any portion of the record to support its conclusion that Barbour had received jail credit on either of his sentences. Therefore, we remand this case for the attachment of portions of the record conclusively refuting Barbour’s claim.
 

 AFFIRMED in part; REVERSED in part; and REMANDED.
 

 LAWSON and EVANDER, JJ., concur.