MORRIS, Judge.
 

 Glenn Laverne Waterman appeals the revocation of his probation and the resulting postrevocation sentences for two counts of lewd and lascivious assault on a child under the age of sixteen. We affirm the revocation with comment. And because Waterman is entitled to credit for the time he actually served
 
 [1]
 
 on the prison portion of his original split sentence, we conclude that the concurrent postrevocation sentences of ten years and ten months in prison do not exceed the statutory maximum applicable to second-degree felonies, and we affirm.
 

 I. Background
 

 Waterman pleaded no contest to the charges in July 1999. He was sentenced to six years in prison followed by five years of sex offender probation. In January 2009, an affidavit of violation of probation was filed, alleging that Waterman violated condition twenty by having unsupervised contact with his three-year-old niece and that he violated condition twenty-two by owning or possessing obscene, pornographic, or sexually stimulating material. At the revocation hearing, the trial court determined there was no violation of condition twenty. However, the trial court found that Waterman did violate condition twenty-two. Waterman’s probation was then revoked, and he was sentenced to ten years and ten months in prison with credit for time served.
 

 On appeal, Waterman contends that the postrevocation sentences — when combined with the nearly five-year term that he originally served — exceed the statutory maximum for second-degree felonies, which is fifteen years in prison.
 
 See
 
 § 775.082(3)(c), Fla. Stat. (Supp. 1998). Waterman preserved this issue in a motion to correct sentencing error filed pursuant to Florida Rule of Criminal Procedure 8.800(b)(2).
 

 In the State’s answer brief, it initially conceded error. However, after we ordered supplemental briefing, the State responded by retracting its concession of error and asserting that Waterman’s pos-trevocation sentence was lawfully imposed pursuant to
 
 Tillman v. State,
 
 693 So.2d 626 (Fla. 2d DCA 1997).
 

 II. Analysis
 

 We agree with the State that
 
 Tillman
 
 is dispositive of this case. In
 
 Tillman,
 
 the appellant was convicted of robbery in four separate cases and sentenced to three years in prison followed by seven years of probation. After an initial violation of probation, he was resentenced to concurrent terms of nine years in prison followed by three years of probation. He was given jail credit for time served in each case. 693 So.2d at 627. While serving the probationary terms of those sentences, he was arrested for another robbery. His probation was then revoked, and he was sentenced to five years in prison for each of the relevant convictions.
 
 Id.
 

 On appeal, he argued that his postrevo-cation sentences exceeded the statutory maximum of fifteen years in prison.
 
 Id.
 
 at 628. This court rejected that argument, stating: “At no time was [appellant] ever sentenced to a term of prison that exceeded fifteen years.”
 
 Id.
 
 We further explained:
 

 
 *156
 
 [Appellant] adds together each of the prison terms imposed in each of these cases to arrive at his conclusion that he received a seventeen-year sentence. However, he fails to consider the fact that he is entitled to credit against each sentence for prison time previously served and the effect it has on the computation of total years actually served. When [appellant] was sentenced to nine years for his first violation of probation, he was entitled to credit for the three years that he previously served. Therefore, upon completion of his nine-year sentence, he had actually served a total of nine years in prison, not twelve. When he was subsequently sentenced for a second violation of probation, the trial court could have imposed a fifteen-year sentence, with credit for the nine years previously served, which would have resulted in [appellant] serving an additional six years of actual incarceration.
 

 Id.
 
 (citation omitted).
 

 Tillman
 
 accurately reflects the legislative intent for trial courts to impose the maximum punishment allowed by law upon revocation of probation while still imposing a lawful sentence.
 
 See
 
 § 948.012(2) (b), Fla. Stat. (2008). Accordingly, when a trial court imposes the maximum sentence upon revocation of probation and properly awards credit for time served, the sentence is lawful because the defendant will never serve more than the statutory maximum.
 
 Tillman,
 
 693 So.2d at 628.
 

 We acknowledge that, at first glance, it appears we reached a different holding in
 
 McKeithan v. State,
 
 696 So.2d 489 (Fla. 2d DCA 1997). But while we reversed McKeithan’s postrevocation sentence on the basis that the trial court failed to award the proper credit for time served, we did not specify the amount of credit for time served to which McKeithan was entitled, nor did we distinguish
 
 Tillman,
 
 which had been decided just three months prior to
 
 McKeithan.
 
 We therefore decline to extend the
 
 McKeithan
 
 holding beyond the facts of that case.
 

 III. Conclusion
 

 Because Waterman’s sentence provides for credit for time served, he will never serve more than the statutory maximum. Accordingly, we affirm Waterman’s postre-vocation sentence pursuant to
 
 Tillman.
 

 Affirmed.
 

 NORTHCUTT and WALLACE, JJ., Concur.
 

 [1]
 

 . Both the State and Waterman agree that he served nearly five years of his original sentence. Our review of the record indicates he served four years and 355 days.