PER CURIAM.
Appellant, Patrick A. Faircloth, challenges the revocation of his probation, contending the State failed to prove various new law violations alleged in the violation of probation report. On cross-appeal, the State claims error in the allocation of credit for time served to both counts of consecutive sentences. We reverse and remand for reconsideration of the revocation, and, if upheld, appropriate modification of the sentences.
On May 21, 2004, the State charged appellant by information with aggravated stalking (Count I) and attempted burglary of a dwelling (Count II). After Faircloth entered a plea of nolo contendere to the offenses as charged, the trial court sentenced appellant to 286 days in county jail (less 286 days for time served) and 36 months’ probation, the sentences to run concurrently. On February 11, 2005, the court entered a judgment and sentence adjudicating appellant guilty of the crimes alleged.
On January 22, 2007, the State filed a violation of probation report alleging that Faircloth failed to live and remain at liberty without violating the law by committing the criminal offenses of resisting an officer with violence, fleeing and eluding a law enforcement officer, driving while license suspended, and battery on a law enforcement officer. The State filed two adden-dums to the report, alleging that appellant also gave a false identity to a law enforcement officer and committed fraud by insufficient funds.
After a hearing on the alleged violations, the trial court (Judge Hankinson) found that Faircloth violated the terms of his probation by giving a false identity to a law enforcement officer, resisting an officer without violence, driving while license suspended, and battery on a law enforcement officer. As a result of these new law violations, the court revoked probation on each count and adjudicated appellant guilty of the underlying offenses. The court sentenced Faircloth to 60 months in prison with credit for 439 days’ time served on Count I (aggravated stalking) and 24 months in prison on Count II (attempted burglary of a dwelling). In a written order revoking probation, the court announced that the sentences were to run consecutively.
In an amended motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), appellant asserted an entitlement to 792 days’ credit for time served. Reasoning that the court had sentenced him to concurrent terms on the original convictions, Faircloth also argued that the court should have allocated the jail time credit to both Counts I and II.
*790 In its response, the State advocated that the motion be granted in part and denied in part. Though raising some minor disagreements with the computation of gain time, for purposes of this cross-appeal, the State argued that appellant was entitled to this credit on only one of the counts, because the court (Judge Hankinson) ultimately resentenced appellant to consecutive, rather than concurrent, terms. On June 22, 2009, the trial court (Judge Dempsey) entered an order granting the amended motion in its entirety.
We review an order revoking probation for abuse of discretion. See State v. Carter, 835 So.2d 259, 262 (Fla.2002) (recognizing that the “trial court has broad discretion to determine whether there has been a willful and substantial violation of a term of probation and whether such a violation has been demonstrated by the greater weight of the evidence” (citing Van Wagner v. State, 677 So.2d 314 (Fla. 1st DCA 1996))). As Faircloth points out, knowledge of the license suspension is a requisite element of the crime of driving while license suspended. See § 322.34(2), Fla. Stat. (2007) (providing that a person is guilty of driving while license suspended if the person, “knowing” that his “driver’s license or driving privilege has been ... suspended,” “drives any motor vehicle upon the highways of this state while such license or privilege is ... suspended ... ”). Here, we must conclude that the State failed to offer evidence that appellant knew his license or driving privilege had been suspended. Accordingly, the court erred in determining that Faircloth violated his probation by committing the offense of driving while license suspended. See id.
Though we do not question that appellant violated the terms of his probation in the other ways enumerated by the trial court, we are not constrained to uphold the revocation order:
Where revocation of a defendant’s probation ... is based on violation of more than one condition of probation ... and one of the grounds for revocation is found not to be supported by the record, but the other ground is a substantial violation supported by the record and could by itself support revocation, appellate courts have reversed the order of revocation and remanded for reconsideration by the trial court if it was unclear from the record that the trial court would have revoked the probation ... based solely on the remaining substantial violation.
See Gavins v. State, 587 So.2d 487, 491 (Fla. 1st DCA 1991) (citing Sampson v. State, 375 So.2d 325 (Fla. 2d DCA 1979)). Here, the record does not clearly reveal whether the trial court would have revoked probation based on the remaining violations. Accordingly, we will remand the matter for consideration of this question. See Gavins, 587 So.2d at 491.
Turning to the cross-appeal, we have de novo review. See Willard v. State, 22 So.3d 864, 864 (Fla. 4th DCA 2009) (holding that the appropriate standard of review for a motion to correct sentencing error is de novo, because such a motion “involves a ‘purely legal issue’ ” (citing T.L.S. v. State, 949 So.2d 290, 291 (Fla. 5th DCA 2007))). “[A]ny person sentenced must receive credit for all time spent in jail prior to the imposition of sentence.” See Barnishin v. State, 927 So.2d 68, 70 (Fla. 1st DCA 2006) (citing § 921.161(1), Fla. Stat. (2004)). When consecutive sentences are imposed, however, “the defendant ‘is not entitled to have his jail time credit pyramided by being given credit on each sentence for the full time he spends in jail awaiting disposition.’ ” See Daniels v. State, 491 So.2d 543, 545 (Fla.1986) (quoting Martin v. State, 452 So.2d 938, 938-39 (Fla. 2d DCA 1984)).
*791 The hearing transcript and the written revocation order demonstrate that the trial court intended Faircloth’s sentences to run consecutively. Accordingly, appellant is entitled to credit “only on the first of consecutive sentences.” See Barnishin, 927 So.2d at 71. The order granting the amended motion to correct sentencing error fails to the extent that it applied jail time credit to both terms of the consecutive sentences. For these reasons, we REVERSE the revocation order, REMAND for reconsideration of the revocation, and, if upheld, for appropriate application of gain time.
KAHN, LEWIS, and CLARK, JJ., concur.