PER CURIAM.
 

 Robbie Grant, Appellant, seeks review of an order granting in part and denying in part his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a), in which Appellant made various claims. We affirm the trial court’s denial of all but one of Appellant’s claims. Appellant claims that the trial court erred in failing to give Appellant credit for time served in jail while awaiting placement into a drug treatment facility. We reverse and remand only as to this claim, and otherwise affirm the trial court’s order without comment.
 

 On June 5, 2006, the trial court ordered a suspended sentence of 100 months’ probation, with the first year to be served on community control. On August 28, 2006, Appellant violated his community control. As a result of this violation, the trial court modified Appellant’s probation at the sentencing hearing. The trial court ordered Appellant’s suspended sentence to remain at 100 months’ probation, but also stated that (1) Appellant would be placed in an inpatient drug treatment facility called “Teen Challenge” for the first year of probation, and (2) Appellant would remain in county jail until placed in the Teen Challenge facility. Appellant remained in county jail from November 21, 2006, until December 13, 2006, when he went to the Teen Challenge facility. Appellant claims that the trial court erred in failing to give him credit for time served in county jail while awaiting placement into a drug treatment facility. We agree, and the State concedes error.
 

 A defendant is “entitled to credit for time spent in jail awaiting placement into a drug treatment facility imposed as a condition of probation or community control.”
 
 LaLonde v. State,
 
 941 So.2d 586, 587 (Fla. 4th DCA 2006);
 
 see also Bamishin v. State,
 
 927 So.2d 68, 71 (Fla. 1st DCA 2006) (citing
 
 Truette v. State,
 
 914 So.2d 1074, 1074) (“Because Appellant served time in jail as a special condition of his probation, he is entitled to credit for that time.... ”). The trial court erred in failing to award him credit for time served in county jail from November 21, 2006, until December 13, 2006, because the time that Appellant served in jail was a condition of his probation, and he was awaiting placement into a drug treatment facility. Accordingly, we reverse and remand as to this claim with instructions that the trial court enter an order giving Appellant credit for the time he served in county jail while awaiting placement into a drug treatment facility. In all other aspects, we affirm the trial court’s order.
 

 AFFIRMED in part; REVERSED in part; and REMANDED.
 

 WOLF, LEWIS, and RAY, JJ„ concur.