PALMER, J.
Justin Mann (defendant) appeals his sentence which was entered by the trial court after he was found guilty of violating his probation. Determining that the trial *1203 court erred in failing to award the defendant prison credit, we reverse.
The defendant entered a negotiated plea to the charges of dealing in stolen property and false verification of ownership. The court orally sentenced the defendant as follows:
You are hereby sentenced to the Department of Corrections for a period of 18 months to be given credit for [Jail] time served. That will be concurrent for both charges. Immediately following that, following your release you’ll be placed on standard probation for a term of 12 months. In addition, there will be a two year suspended sentence, which will be during the probationary period. So it’s 18 months, 12 months probation, within that 12 months probation is a two year suspended sentence back at DOC. You can avoid that by complying with the terms of your probation. But I will say that any substantial willful violation, failing to report, positive drug test, even if it’s marijuana or some lower level of the-or at least considered lower level drug positive test that’s enough to impose a sentence. And it will be imposed, not just enough, it will be imposed, okay.
The defendant’s written sentencing order states that the defendant was sentenced to concurrent terms of 18 months’ imprisonment “followed by a period of 12 months on probation”. The court entered a separate written probation order which described the defendant’s sentence in two different areas. At the top of the order, the sentence is summarized as: “EIGHTEEN (18) MONTHS DEPARTMENT OF CORRECTIONS FOLLOWED BY TWELVE (12) MONTHS PROBATION; TWO (2) YEARS DEPARTMENT OF CORRECTIONS (SUSPENDED).” At the bottom of the order, the sentence is summarized as follows: “[C]ommitted to the Department of Corrections for a term of 18 months Department of Corrections (each count/concurrent) with credit for time served jail time. After you have served 18 Months (each count/concurrent) of the term, you shall be placed under the supervision for a period of Twelve (12) months (2 years Department of Corrections SUSPENDED) under the direction of the Department of Corrections, subject to Florida law.” (Emphasis in original).
The State subsequently filed a petition charging the defendant with violating his probation. The defendant entered a plea of nolo contendere to the charge, but raised an issue regarding the amount of prison credit he was entitled to receive. The court revoked the defendant’s probation and sentenced him to a term of two years’ incarceration, with no credit for the 18 months he previously served.
The defendant maintains that he is entitled to receive credit for the 18 months he has already served in prison on these charges because, as pronounced, his original sentence was a probationary split sentence which requires the award of credit. We agree.
A defendant sentenced to a probationary split sentence who violates probation and is resentenced to prison is entitled to credit for all time actually served in prison prior to his release on probation unless.such credit is waived. See Bradley v. State, 631 So.2d 1096 (Fla.1994); State v. Holmes, 360 So.2d 380, 383 (Fla.1978); Jones v. State, 633 So.2d 482, 483 (Fla. 1st DCA 1994); § 921.0017, Fla. Stat. (2007).
Dortly v. State, 107 So.3d 1229 (Fla. 1st DCA 2013). In contrast, if a defendant violates the probationary portion of a true split sentence, a trial court can revoke probation and impose either the suspended portion of incarceration or any sentence that could have originally been imposed. The defendant is entitled to receive credit *1204 for the time already served on the original, non-suspended portion of the sentence only if the court imposes the original period of incarceration. Moore v. Stephens, 804 So.2d 575, 577 (Fla. 5th DCA 2002).
In Poore v. State, 531 So.2d 161, 164 (Fla.1988), our Supreme Court described (1) a true split sentence as consisting of a total period of confinement with a portion of the confinement period suspended and the defendant placed on probation for that suspended portion, and (2) a probationary split sentence as consisting of a period of confinement, none of which is suspended, followed by a period of probation. Here, the trial court did not sentence the defendant to a term of 42 months’ imprisonment with two years suspended; rather, the court expressly sentenced the defendant to a term of 18 months’ imprisonment followed by a period of probation. See Williams v. State, 957 So.2d 600, 603 (Fla.2007) (explaining that a trial court’s oral pronouncement of a sentence controls over the written sentencing documents). Thus, the defendant is correct that he received a probationary split sentence and, as such, he is entitled to receive prison credit for the 18 months he has already served in this matter.
Accordingly, the defendant’s sentence is reversed and this matter is remanded with instructions to award the defendant prison credit.
REVERSED and REMANDED.
EVANDER and COHEN, JJ., concur.