PER CURIAM.
Appellant Torrance Bell challenges a circuit court order that summarily denied his motion for jail time credit filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm that portion of the *1157 circuit court’s order that rejected Bell’s claim of entitlement to jail credit on the second count of two consecutive sentences. See Daniels v. State, 491 So.2d 543 (Fla.1986); Faircloth v. State, 50 So.3d 788 (Fla. 1st DCA 2010).
We also reverse that portion of the order that summarily denied Bell’s motion seeking additional jail credit on the first count. His motion was legally sufficient because it contained the dates he served time in jail up to sentencing, and pointed to the sentencing hearing as being that portion of the record demonstrating his entitlement to additional credit. Haygood v. State, 872 So.2d 444 (Fla. 4th DCA 2004); Toro v. State, 719 So.2d 947 (Fla. 4th DCA 1998). Bell alleged that the circuit court orally pronounced credit in an amount more than the 281 days awarded in his written sentence. He attached one page of the sentencing transcript, but it does not resolve the matter. It showed the judge awarding the 281 days of credit that appeared in his written sentence. However, neither Bell nor the circuit court attached the entire sentencing hearing transcript.
Our review of Bell’s allegations reveals that he may be entitled to 284 days rather than the 281 days credited or the 285 days he claims. The record does not refute his entitlement to that amount of credit. The State has conceded this in its response filed in this court, even though it argued that the claim was facially insufficient. We remand for the circuit court to consider Bell’s claim and alleged dates of jail time served.

Reversed and remanded.

STEVENSON, MAY and LEVINE, JJ„ concur.