EVANDER, J.
Robert Barker has filed a petition for writ of habeas corpus, alleging that he is entitled to immediate release because the trial court failed to grant him the proper amount of credit for time served. We grant the petition.[1]
On April 16, 2012, Barker pled nolo con-tendere to aggravated assault with a deadly weapon. He was sentenced to 13.2 months in the Department of Corrections with credit for 118 days of jail time served, followed by one year of probation. Barker was released from prison on November 29, 2012 but arrested for violation of probation on February 22, 2013. Barker remained in jail until May 13, 2013, at which time he admitted to violation and was sentenced to 22.35 months’ incarceration.
A defendant sentenced to a probationary split sentence who violates probation and is resentenced to prison is entitled to credit for all time actually served in prison prior to his release on probation unless such credit is waived. Mann v. State, 109 So.3d 1202, 1203 (Fla. 5th DCA 2013). Here, the State does not contend that Barker waived entitlement to credit for time served as part of a plea agreement.
Barker should have received credit for 426 days (345 days for combined jail and prison time served prior to his release from prison plus 81 days for time served between his violation of probation arrest and his May 13, 2013 plea/sentencing date.) Instead, Barker only received credit for 311 days. Because Barker has now completed his sentence, he is entitled to be released immediately.
PETITION GRANTED.
TORPY, C.J. and LAWSON. J., concur.

. The record reflects that prior to filing the instant petition, Barker made several post-sentence attempts to have the trial court correct the error.