IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

FRANK A. L. MOSLEY,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-3720

Opinion filed July 8, 2014.

An appeal from the Circuit Court for Santa Rosa County.
David Rimmer, Judge.

Nancy A. Daniels, Public Defender, and Glen P. Gifford, Assistant Public
Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Donna A. Gerace, Assistant Attorney
General, Tallahassee, for Appellee.

PER CURIAM.

      A jury convicted Frank A. L. Mosley of lewd and lascivious molestation

(Count I) and aggravated stalking (Count II). Mosley was sentenced to consecutive

sentences with prison releasee reoffender (PRR) enhancement on both counts. Mosley appealed his judgment and sentence. His convictions were affirmed by this court without comment, but the case was remanded to the trial court for resentencing. In reversing the original sentence, we explained that PRR sentences may not be ordered to run consecutively when the crimes were committed during a single criminal episode. Mosley v. State, 112 So. 3d 538 (Fla 1st DCA 2013), rev. granted, No. SC13-704 (Jan. 14, 2014). On remand, the trial court sentenced Mosley to consecutive sentences, but removed the PRR designation from Count II.

Mosley appeals his new sentences, arguing that he should be awarded jail time credit against both counts of his consecutive sentences, and that he should have been offered assistance of counsel upon resentencing. We do not agree with Mosley that presentence jail credit should apply to both counts of his consecutive sentences. Jail time credit need not be applied to all consecutive sentences. Gillespie v. State, 910 So. 2d 322, 324 (Fla. 5th DCA 2005). A defendant "is not entitled to have his jail time credit pyramided by being given credit on each sentence for the full time he spends in jail awaiting disposition of multiple charges or cases." Miller v. State, 297 So. 2d 36, 38 (Fla. 1st DCA 1974). Because Mosley is not entitled to jail time credit on both counts of his consecutive sentences, the trial court did not err in awarding Mosley presentence jail time only for Count I.

However, we agree with Mosley that the trial court erred in failing to offer him assistance of counsel. A defendant has the right to be represented by counsel during a resentencing hearing where the court is exercising discretion. Bines v. State, 837 So. 2d 1146, 1147 (Fla. 1st DCA 2003).

REVERSED and REMANDED for resentencing.

THOMAS, ROWE, and MAKAR, JJ., CONCUR.