734 So.2d 1171 (1999)
Julius TAYLOR, Appellant,
v.
STATE of Florida, Appellee.
No. 98-3911.
District Court of Appeal of Florida, First District.
June 22, 1999.
*1172 Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and Sherri Tolar Rollison, Assistant Attorney General, Tallahassee, for Appellee.
ALLEN, J.
The appellant challenges the trial judge's revocation of his probation and the sentence imposed in connection with the revocation. Because no evidence in the record supports the trial judge's finding regarding the willful nature of three of the four violations found by the trial judge, we reverse.
The appellant was adjudged guilty of aggravated assault and battery and placed on five years probation. It was thereafter alleged in an affidavit of violation of probation that the appellant violated his probation in various respects. Following a hearing, the trial judge announced his finding that the appellee had proved only four willful violations of conditions of the appellant's probation: conditions requiring him to report monthly, to undergo a psychological evaluation, to perform community service, and to attend an anger management class. Based upon these four violations, the judge revoked the appellant's probation and imposed a prison sentence.
Although the record demonstrates a sufficient evidentiary basis for the trial judge's determination regarding the appellant's failure to file monthly reports, we agree with the appellant's argument that there was not a sufficient evidentiary basis for the trial judge's finding that the other violations were willful. At the revocation hearing, the appellant testified that he did not attend an anger management course, perform his community service, or undergo psychological evaluation because he had never been directed by either of his probation officers as to how or where to do these things, and he did not know how to do them on his own. Testimony from the probation officers did not contradict the appellant's testimony in this regard. The appellant's failure to have completed these conditions at the time of the final hearing was not willful under these circumstances, especially in light of the fact that over four years of his five-year term of probation remained at the time the affidavit of violation was filed.
The judge did not indicate whether he would have revoked the appellant's probation and imposed the same sentence solely because of the appellant's failure to file monthly reports. We accordingly reverse the order of revocation of probation, vacate the sentence imposed upon revocation of probation, and remand this case for reconsideration of the revocation and sentencing *1173 decisions. See Jenkins v. State, 691 So.2d 41 (Fla. 1st DCA 1997).
LAWRENCE and BENTON, JJ., CONCUR.