PER CURIAM.
Jerry Lee Nichols appeals an order revoking his probation for failure to complete public service work hours (community service). We conclude that the record does not support the trial court’s finding that Mr. Nichols willfully violated his probation by failing to complete his community service, and reverse.
The court originally sentenced Mr. Nichols to three years’ probation on March 4, 1996. A special condition of his probation was that he “perform 150 hours of public service work as directed by [his probation] Officer, to be completed at a rate of 50 hours each year.”
On September 21, 1998, Dawn Para-more, the probation officer, filed an affidavit of violation of probation listing as grounds a new law violation; failure to pay costs of supervision, courts costs, and fines; and the failure to complete community service. The case proceeded to hearing on the allegations that Mr. Nichols failed to pay the aforementioned costs and fines and failed to complete his community service. At the conclusion of the hearing, the trial court found a violation only in relation to Mr. Nichols’s failure to complete community service.
At hearing, Ms. Paramore testified that Mr. Nichols had not completed the second block of fifty community service hours. She conceded Mr. Nichols did timely complete the first block of fifty community service hours. She indicated that the second block should have been completed by March 4, 1998. Ms. Paramore also testi *1016 fied that he was in arrears with his monetary obligations. She did not, however, testify that she ever directed Mr. Nichols to complete his community service.
Ms. Paramore acknowledged that she had discussed with Mr. Nichols whether he could pay off his community service. She testified that she told him that, once he was current with his other monetary obligations, she would submit his request to the trial court. She testified that, in her experience, such requests were frequently granted.
Mr. Nichols testified that he did not currently have the ability to meet his monetary obligations. Regarding his community service, he essentially agreed with Ms. Paramore’s testimony.
Q. Now, had you talked to Ms. Para-more about paying off the work hours and the fines and so forth?
A. Yes, sir. I had discussed it with Ms. Baxley [his previous probation officer] prior to Ms. Paramore coming and when she took over the file she asked me about it. I told her about our discussion and she indicated that that was possible. And we discussed it several times after that and every time that we’ve talked about it I understood there was not a problem with that. If there had been a problem I would have most definitely done the hours.
Q. Okay. Well, did Ms. Baxley or Ms. Paramore lead you to believe that there was a compelling problem of any kind with that, with paying off the hours?
A. No, sir, absolutely not.
He testified that, but for the violation and his subsequent arrest, he would have begun a job in October of 1998 that would have permitted him to meet his monetary obligations and pay off the community service.
In order to establish grounds for revocation, the state must prove that a violation of the terms of probation was willful and substantial. See, e.g., Burgin v. State, 623 So.2d 575, 576 (Fla. 1st DCA 1993). The evidence here failed to establish that Mr. Nichols willfully violated his probation. The record contains no evidence that Ms. Paramore directed Mr. Nichols to perform community service. See Taylor v. State, 734 So.2d 1171, 1172 (Fla. 1st DCA 1999); Green v. State, 620 So.2d 1126, 1130 (Fla. 1st DCA 1993). Under the terms of the condition of probation, Mr. Nichols was to perform community service as directed by his probation officer. Although the probation officer could not waive the requirement that Mr. Nichols perform his community service, under the plain language of the condition, she did not direct him to complete the hours. Instead, according to uncontroverted evidence, Ms. Paramore told Mr. Nichols that she would ask the court to allow him to “pay off’ the work hours- — instead of actually doing the work — once he had met his other financial obligations.
REVERSED.
ALLEN, BENTON, and BROWNING, JJ„ CONCUR.