953 So.2d 31 (2007)
Jorge LLERENA, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-3140.
District Court of Appeal of Florida, Third District.
March 21, 2007.
Jorge Llerena, in proper person.
Bill McCollum, Attorney General, Orlando, for appellee.
Before GERSTEN, CORTIÑAS, and ROTHENBERG, JJ.
ROTHENBERG, Judge.
The defendant, Jorge Llerena ("Llerena"), appeals the trial court's order denying his Motion to Correct Jail Credit Award and Motion to Clarify and Enforce Sentence. In addition to appealing this order, Llerena petitions this court for "emergency relief." We treat Llerena's request for "emergency relief" as a request for an expedited appeal and grant the request. As to the order on appeal, we affirm in part, reverse in part, and remand with instructions.
Based upon the limited record provided, it appears that Llerena was arrested and charged with various offenses under the following case numbers:

 91-29927: Arrested on August 21, 1991;
 released on August 22, 1991; and re-arrested
 on February 27, 1992.
 92-5367: Arrested on February 25,
 1992.
 92-7094: Arrested on February 25,
 1992.
 92-7194: Arrested on February 26,
 1992.
 92-7229: Arrested on February 27,
 1992.
 92-7732: Arrested on February 27,
 1992.
 92-25131: Arrested on July 18, 1992.

Llerena remained in custody from February 25, 1992 until May 21, 1993, at which time Llerena entered guilty pleas to the charges in each case and he was sentenced. All sentences were ordered by the trial court to run concurrent. When Llerena's custody was transferred from the Miami-Dade Department of Corrections to the Florida Department of Corrections to begin serving his prison sentences, Llerena was given credit for the time he served on each case prior to his plea, as follows:

 (1) 91-29927452 days
*33
 (2) 92-5367452 days
 (3) 92-7094452 days
 (4) 92-7194451 days
 (5) 92-7229450 days
 (6) 92-7732450 days
 (7) 92-25131308 days

Llerena received thirty year sentences in each case except for case number 91-29927, in which he was sentenced to five years. Llerena claims that he has completed his sentences in the first six cases, wherein he was awarded 450 to 452 days credit for time served. Llerena, therefore, argues that because the trial court ordered that his sentences run concurrent to each other, he is entitled to immediate release. The Florida Department of Corrections, however, claims that because Llerena was not taken into custody in case number 92-25131 until July 18, 1992, he served 142 days less on that case prior to his plea, and as a result, he is not due to be released until October 21, 2007.
We conclude that both the local and the state departments of corrections have correctly calculated the credit Llerena is entitled to receive for the time he served in custody prior to his pleas. The issue which must be resolved is whether in case number 92-25131, when the trial court ordered that the sentence run concurrent with the other sentences imposed, it additionally ordered that the sentence be coterminous with the other sentences imposed. Concurrent sentences do not necessarily begin at the same time, and unless they are ordered to be coterminous, they will expire on different dates. See Knight v. State, 832 So.2d 172, 172 (Fla. 3d DCA 2002)(affirming denial of motion for postconviction relief as "plea colloquy contains no indication that the sentence was to be coterminous with any other sentence").
We, therefore, affirm the trial court's order to the extent that it addresses Llerena's Motion to Correct Jail Credit Award; reverse as it relates to Llerena's Motion to Clarify and Enforce Sentence; and remand with instructions to the trial court to examine the plea transcript, clerk's notes in the court file, and the judgment and sentence in case number 92-25131, and to determine whether the sentence was ordered to be coterminous with the other sentences imposed. The trial court's findings should be explained in its order either granting or denying relief.
Affirmed in part, reversed in part, and remanded with instructions.