PER CURIAM.
Appellant seeks review of an order revoking his probation. Following an evi-dentiary hearing, the trial court found that appellant had violated condition 7 of his probation by not “work[ing] diligently at a lawful occupation,” and condition 18 by “viewing], own[ing] or possess[ing] any obscene, pornographic, or sexually explicit ... material.” Accordingly, the trial court revoked appellant’s probation and sentenced him to ten years in prison. We have reviewed the photographs that supported the trial court’s finding that appellant had violated condition 18 and conclude that no reasonable person would find those photographs to be “obscene, pornographic, or sexually explicit” as those terms are commonly understood. Accordingly, we conclude, further, that the trial court abused its discretion when it made the contrary finding. See, e.g., State v. Carter, 835 So.2d 259, 262 (Fla.2002) (the standard of review on appeal of an order revoking probation is abuse of discretion) (citations omitted); Perez v. State, 919 So.2d 347, 363 (Fla.2005) (no abuse of discretion will be found unless the trial court’s ruling is arbitrary, fanciful or unreasonable, and no reasonable person would reach the conclusion reached by the trial court) (citation omitted). It is not clear from the record whether the trial court would have revoked appellant’s probation and imposed the same sentence based solely on a violation of condition 7. Accordingly, we reverse and remand for reconsideration of the revocation and sentencing decisions. See Taylor v. State, 734 So.2d 1171, 1172-73 (Fla. 1st DCA 1999).
REVERSED and REMANDED, with directions.
ALLEN, WEBSTER, and ROBERTS, JJ., concur.