979 So.2d 1074 (2008)
STATE of Florida, Appellant,
v.
Stanley Scott LYONS, Appellee.
No. 4D07-1349.
District Court of Appeal of Florida, Fourth District.
April 2, 2008.
Rehearing Denied May 15, 2008.
*1075 Bill McCollum, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellant.
Charles G. White of Charles G. White, P.A., Miami, for appellee.
KLEIN, J.
Appellee negotiated a plea of guilty in ten cases which resulted in a twenty-year sentence in each case as a habitual offender, the sentences to run concurrently. The plea agreement provided he would receive a credit of 223 days for time served. In his rule 3.800 motion appellee contends that his sentences were also supposed to be "coterminous," which would result in some of the sentences expiring on earlier dates than if they were not coterminous. Llerena v. State, 953 So.2d 31 (Fla. 3d DCA 2007) (concurrent sentences do not necessarily start at the same time, and unless it is provided they are coterminous, they can expire on different dates.) Because gain time for some of defendant's sentences is greater than others, if his sentences were coterminous he could be released earlier than if they were not coterminous. The trial court granted appellee's rule 3.800 motion and clarified that his sentences were coterminous, and the state appeals.
The state first argues that the trial court was without jurisdiction to grant appellee's 3.800 motion because this was not an illegal sentence; however, rule 3.800(a) allows a court at any time to correct a sentence "that does not grant proper credit for time served." The rule could accordingly be used to make the type of correction appellant sought. The problem, however, is that there is nothing in this record, which contains all of the pertinent information about the plea, to indicate that these sentences were coterminous. Knight v. State, 832 So.2d 172 (Fla. 3d DCA 2002) (because defendant's plea colloquy contained no indication that his sentence was coterminous with any other sentence, his motion seeking that relief was denied.) Reversed.
HAZOURI and DAMOORGIAN, JJ., concur.