PER CURIAM.
Affirmed. See Cox v. State, 221 So.3d 723, 725 (Fla. 3d DCA 2017) (holding: "Unlike a motion for postconviction relief pursuant to rule 3.850, a motion to correct illegal sentence pursuant to rule 3.800(a) places the burden upon the defendant ... to affirmatively identify court records which, on their face, demonstrate the existence of an illegal sentence or an entitlement to relief under rule 3.800(a)"); Llerena v. State, 953 So.2d 31, 33 (Fla. 3d DCA 2007) (noting: "Concurrent sentences do not necessarily begin at the same time, and unless they are ordered to be coterminous, they will expire on different dates"); Knight v. State, 832 So.2d 172, 172 (Fla. 3d DCA 2002) (affirming order denying motion for postconviction relief where the "plea colloquy contain[ed] no indication that the sentence was to be coterminous with any other sentence").