749 So.2d 527 (1999)
Joe Lewis JENKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 99-2306.
District Court of Appeal of Florida, First District.
December 21, 1999.
Joe Lewis Jenkins, appellant, pro se.
*528 Robert A. Butterworth, Attorney General; Veronica S. McCrackin, Assistant Attorney General, Tallahassee, for appellee.
WOLF, J.
Appellant challenges the summary denial of his rule 3.850 motion for postconviction relief. He raises two issues on appeal, only one of which has merit: Whether the trial court erred in summarily denying appellant's claim for jail credit for presentencing time spent in the county jail from April 1, 1993, to April 12, 1993.
Appellant is currently serving two sentences imposed for a violation of probation. A defendant is entitled to an award of credit for all time spent in the county jail prior to sentencing in a violation case, which includes all time spent in the county jail prior to the original sentencing plus all time spent in the county jail prior to any subsequent violation sentencings. See, e.g., Davis v. State, 543 So.2d 437 (Fla. 2d DCA 1989). The allegations contained in appellant's motion indicate that he spent 11 days in the county jail from April 1, 1993, through April 12, 1993, awaiting a June 1993 violation of community control (VOCC) sentencing in this case. If this is true, appellant is entitled to credit against his violation of probation (VOP) sentences for this time unless the award of 167 days credit against his VOP sentences for presentencing county jail time served already includes credit for this time (which cannot be determined from this record).
The trial court denied appellant's claim for the 11 days' jail credit on grounds that the claim was improperly successive and constituted an abuse of process. In support of this conclusion, the trial court attached to the order denying relief copies of a prior rule 3.800(a) motion for jail credit and the trial court's order denying that prior motion on the merits. These record excerpts do not, however, conclusively demonstrate that appellant's current claim for jail credit was improperly successive or an abuse of process. The rule 3.800(a) motion sought credit for time spent in the county jail from August 9, 1996, through March 19, 1997, which is a different period of time from that for which credit was sought in the rule 3.850 motion in this caseApril 1, 1993, through April 12, 1993. While a defendant may not raise the same illegal sentencing issue in successive postconviction motions, see, e.g., Smith v. State, 685 So.2d 912 (Fla. 5th DCA 1996), we have found no authority which prohibits a defendant from filing a timely rule 3.850 motion claiming an entitlement to additional sentence credit subsequent to a denial of a rule 3.800(a) motion claiming sentence credit for a different time period. While allowing a defendant to file successive postconviction motions claiming additional credit for different time periods is not the best or most efficient use of judicial resources, in light of the fact that a denial of credit results in an illegal sentence, there appears to be no prohibition against this practice. We, therefore, reverse in part and remand for the trial court either to attach those portions of the record which conclusively demonstrate that appellant is not entitled to the claimed credit or to hold further proceedings on this matter.
BARFIELD, C.J., and ERVIN, J., concur.