807 So.2d 772 (2002)
Scott BLAKE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-4996.
District Court of Appeal of Florida, Second District.
February 20, 2002.
BLUE, Chief Judge.
Scott Blake appeals the summary denial of his motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. The trial court denied the motion, finding that it was successive because Mr. Blake had raised the identical claim in an earlier motion filed pursuant to rule 3.800. The trial court failed to note, however, that Mr. Blake appealed the denial of his rule 3.800 motion and this court affirmed without prejudice to Mr. Blake's filing a rule 3.850 motion. Blake v. State, 788 So.2d 334 (Fla. 2d DCA 2001). Nevertheless, we affirm.
*773 Mr. Blake is seeking jail credit for two cases. On January 16, 2000, when he was arrested in circuit court case number CRC 00-00830 CFANO, he was out on bond for circuit court case numbers CRC 99-03606 CFANO and CRC 99-21338 CFANO. He remained in jail until he pleaded no contest and was sentenced on November 6, 2000. He remained on bond for the two 1999 cases until May 9, 2000. Mr. Blake seeks credit, in the 1999 cases, for the time in jail from January 16 to May 9. He alleged that he was being denied this credit "because the computer says I was out on bond until May 9, 2000[,] on those 2 cases when in fact I was in jail with those cases pending."
An evidentiary hearing would be in order if Mr. Blake's allegations were read as an attempt to go behind the computer records to show that his bond was revoked on January 16. Jail credit issues are appropriately brought in a rule 3.850 motion "if the defendant is requesting additional jail credit due to factual matters not ascertainable from the trial court's records." Thomas v. State, 611 So.2d 600, 601 (Fla. 2d DCA 1993). Generally, however, a defendant "is only entitled to credit against each sentence for the time spent in jail for the charge which led to that sentence." Keene v. State, 500 So.2d 592, 594 (Fla. 2d DCA 1986).
If Mr. Blake's bond was not revoked until May, he would not be entitled to credit against the 1999 cases. Cf. McKnight v. State, 769 So.2d 434, 434 (Fla. 2d DCA 2000) (addressing allegation that defendant was entitled to additional jail credit "because he voluntarily canceled his bond on one charge while he was serving jail time on other unbonded charges"). Mr. Blake may be able to obtain relief, however, by alleging that he received ineffective assistance of counsel because his attorney should have advised him to voluntarily cancel his bond once he was arrested for the 2000 charge. Alternatively, Mr. Blake may be able to allege that his plea was involuntary because he was led to believe that a certain amount of credit would be applied to all of his cases.
We affirm, but our affirmance is without prejudice to any right Mr. Blake may have to seek relief in a rule 3.850 motion. Such motion shall not be considered successive.
Affirmed.
FULMER, J., Concurs.
ALTENBERND, J., Concurs with opinion.
ALTENBERND, Judge, Concurring.
I fully concur in Judge Blue's opinion. I write only to encourage the legislature to examine issues related to jail credit. I am inclined to believe that the legislature could revise section 921.161, Florida Statutes (2001), to alleviate some problems that have become very troublesome and time-consuming for the judiciary. I doubt that the judiciary has the power to adequately address these issues by case law.
It has become common for pretrial detainees to be held in jail on one charge while technically "free" on bail or recognizance on other charges. In some cases, it is likely that the defendant, his lawyer, and the trial judge are unaware of this status. This occurs most frequently with substance abusers who are arrested on drug-related charges, released, and then re-arrested on new drug-related charges. Mr. Blake appears to be an example of such a case.
In such a case, the defendant may spend 2 days in jail for the first offense. He is then arrested two weeks later on the second offense. Eventually, after spending an additional 180 days in jail, the defendant enters a plea to the two charges in *774 exchange for a negotiated prison sentence. Let us assume that the hypothetical defendant pleads no contest in exchange for concurrent sentences of 2 years' imprisonment. The defendant typically believes that his sentence will be finished in no more than 1½ years because he has spent 180 days in jail. As Mr. Blake's case demonstrates, the hypothetical defendant is actually entitled to only 2 days' credit on the first offense, and must therefore serve essentially the entire 2-year term for this offense. Often, by the time the defendant understands this situation, no postconviction motion can adequately address his misunderstanding at the sentencing hearing.
I suspect that the problem demonstrated by this case is exacerbated by differences in the procedures used by different trial courts. I have seen no study on the subject, but years of seeing similar cases in this court causes me to believe that some judges regularly give full jail credit on both offenses when confronted with a case like Mr. Blake's, and other judges do not. It may be that some defense attorneys are more diligent in discovering this problem and solving it for their client. Whatever the reason, I suspect that our prison population contains a group of prisoners who have received full jail credit under this circumstance and another group who have not. The reasons for this differing treatment are probably quite arbitrary and have little or nothing to do with the prisoner's need for a longer or shorter sentence.
Our opinion correctly suggests that Mr. Blake may be able to allege ineffective assistance of counsel or may be able to withdraw his plea under these circumstances. These procedures are cumbersome and expensive, especially at the trial court level. Without regard to the public policy selected by the legislature, I believe it has both the power and the ability to solve this frequent problem and I would urge it to do so.
While not at issue in this case, I would observe that a similar, albeit perhaps more complex, problem exists concerning people in jail or prison who have outstanding detainers. Compare Bryant v. State, 787 So.2d 68 (Fla. 2d DCA 2001) to Gethers v. State, 798 So.2d 829 (Fla. 4th DCA 2001). This problem creates similar jail and prison credit issues that are difficult and time-consuming for the courts. Again, I suspect that the members of the legislature could do the courts a favor and save the taxpayers some money if they enacted clear statutory rules explaining the jail or prison credit available to prisoners with outstanding detainers.