905 So.2d 1042 (2005)
James Meredith CLIFTON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-30.
District Court of Appeal of Florida, Second District.
July 8, 2005.
*1043 ALTENBERND, Judge.
James M. Clifton appeals an order that granted a portion of his motion for jail credit and denied the remainder of the motion. Mr. Clifton sought 274 days of jail credit in three cases for time he spent in jail between July 10, 2002, and April 9, 2003. The trial court treated the motion as filed pursuant to Florida Rule of Criminal Procedure 3.800(a) and prepared a lengthy order with many attachments. To the largest extent, the trial court denied relief. We affirm that order. It appears, however, from the attachments that a question of fact exists under which Mr. Clifton may be entitled to relief. Because his time to file a motion pursuant to Florida Rule of Criminal Procedure 3.850 recently expired while we were reviewing this appeal, we authorize him to file a motion pursuant to rule 3.850 within sixty days from the date of the mandate issued in this proceeding, which motion the trial court should treat as timely filed.
Mr. Clifton was sentenced on April 9, 2003, for a series of offenses that occurred between 1998 and 2002. He had been arrested on various dates and served varying amounts of time on these charges. The State Credit Time Log prepared by the Hillsborough County Sheriff's Office reflects jail credit for eight different case numbers with credit ranging from fourteen days to 417 days. The three critical cases are case numbers 98-9326, 02-1228, and 02-1229. In case numbers 02-1228 and 02-1229, Mr. Clifton signed written plea agreements to sentences of sixty months' incarceration with "all" days of jail credit. When he signed the plea agreements, it appears from the sheriff's records that he had been in jail since at least July 15, 2002. Nevertheless, on each of these cases he received only fourteen days' jail credit.
The jail log for these two cases reflects credit for one day on January 23, 2002, for twelve days between May 11 and May 22, 2002, and one day for April 9, 2003. These logs suggest that Mr. Clifton was released on bond in May 2002 and that the bond was never revoked when he was returned to jail in July 2002. If that is the case, then he is only entitled to jail credit on these two cases from the date when the bond was revoked. See Blake v. State, 807 So.2d 772 (Fla. 2d DCA 2002).
Because the trial court attached additional documents to its order, we have the clerk of circuit court's detail felony calendar report for both of these cases. Both of these reports contain references to hearings after July 15, 2002, during which Mr. Clifton was attempting to be released on recognizance or on reasonable bail on *1044 these charges. These records strongly suggest that Mr. Clifton's bond was revoked and that he was actually in jail on these charges for substantial periods not reflected in the sheriff's log.
Likewise in case number 98-9326, the record contains a criminal report affidavit/notice to appear that lists case number 98-9326 and claims that he was arrested on this charge on July 15, 2002. The sheriff's log gives credit on this case for a time in 1999 and for April 9, 2003. If he was actually arrested and incarcerated on this charge on July 15, 2002, the log would appear to be incorrect.
Such jail credit issues involve disputed issues of fact and are not appropriate for resolution on a motion filed pursuant to rule 3.800(a); they are matters that can only be resolved pursuant to rule 3.850. See Blake, 807 So.2d 772; Daniels v. State, 825 So.2d 499 (Fla. 2d DCA 2002). Accordingly, we affirm with leave to file a motion pursuant to rule 3.850 within sixty days of this court's mandate in this appeal.
Affirmed.
CASANUEVA and SILBERMAN, JJ., Concur.