925 So.2d 382 (2006)
Ulysses BAILEY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-5395.
District Court of Appeal of Florida, Second District.
March 10, 2006.
Rehearing Denied April 18, 2006.
SILBERMAN, Judge.
Ulysses Bailey appeals the summary denial of his motion for jail credit filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse and remand for further proceedings.
In his motion, Bailey alleged that on April 26, 1999, in circuit court cases 98-CF-20212 and 98-CF-20235, he entered a no contest plea to multiple charges and was sentenced to community control followed by probation. He stated that on May 31, 2001, the trial court revoked his probation, sentenced him to prison, and awarded him eighty-six days' jail credit.
Bailey claimed that he was entitled to an additional thirty days' jail credit for time spent in county jail from March 27, 2001, to April 26, 2001. He asserted that on March 27, 2001, he was arrested in county court case 00-CM-11151 but was released the next day on his own recognizance. *383 However, despite his "release," he was kept in the county jail because of his "probationary status" in circuit court cases 98-CF-20212 and 98-CF-20235. Bailey also alleged that his claim was apparent from the face of the trial court records and the county jail records. Thus, he presented a facially sufficient claim for relief under rule 3.800(a). See Whitt v. State, 807 So.2d 788, 788 (Fla. 2d DCA 2002).
In denying the claim, the postconviction court stated that the records showed Bailey was in county jail from November 20, 1998, to January 8, 1999, and from April 4, 2001, to May 31, 2001, and that he was entitled to and received eighty-six days' jail credit in circuit court cases 98-CF-20212 and 98-CF-20235. The postconviction court attached to its order a State Credit Time Log prepared by the Hillsborough County Sheriff's Office that reflects Bailey was in custody for eighty-six days from April 26, 2001, to May 31, 2001, and from November 20, 1998, through January 8, 1999. The court also attached the judgments and sentences that were entered on May 31, 2001, and criminal report affidavits that indicate Bailey was arrested on April 25, 2001, for violating his probation.
The documents attached to the postconviction court's order do not support the court's findings. If Bailey was incarcerated during the dates specified in the order, it appears he would be entitled to 108 days' jail credit. Although the order identifies April 4, 2001, as the start of one of the periods of incarceration, the criminal report affidavits show Bailey was arrested on April 25, 2001, while the jail log reflects he was arrested on April 26, 2001. The documents do not reflect that Bailey's incarceration began on April 4, 2001, and the documents do not conclusively resolve his claim that he is entitled to additional jail credit. Accordingly, we reverse with directions for the postconviction court to reconsider Bailey's claim. If the postconviction court again denies relief, it shall attach to its order those portions of the record that conclusively resolve the claim.[1]
Reversed and remanded.
WHATLEY and KELLY, JJ., Concur.
NOTES
[1] We note that jail credit issues involving disputed issues of fact are not appropriate for resolution on a motion filed pursuant to rule 3.800(a) and are matters that can only be resolved pursuant to rule 3.850. See Clifton v. State, 905 So.2d 1042, 1044 (Fla. 2d DCA 2005); see also Blake v. State, 807 So.2d 772 (Fla. 2d DCA 2002); Daniels v. State, 825 So.2d 499 (Fla. 2d DCA 2002). However, based on the limited record that is before this court, we cannot determine whether Bailey's claim can be conclusively resolved based on the record documents.