930 So.2d 856 (2006)
Norman Lee IGO, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-691.
District Court of Appeal of Florida, Second District.
June 16, 2006.
LaROSE, Judge.
Norman Lee Igo appeals the partial denial of his motion for jail credit filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm the postconviction court's order as to circuit court cases 03-18021 and 04-19531; we reverse and remand for further proceedings as to circuit court cases 04-20905 and 04-20917.
In his motion, Mr. Igo alleged that the trial court awarded him 185 days' jail credit in cases 04-20905 and 04-20917 for time spent in county jail from October 5, 2004, to April 7, 2005. Allegedly, however, the Department of Corrections (DOC) is crediting him with only 141 days' jail credit in case 04-20905 and 153 days' jail credit in case 04-20917. Mr. Igo claims entitlement to additional jail credit. He also claims that the court records on their face demonstrate his entitlement to relief. See Whitt v. State, 807 So.2d 788, 788 (Fla. 2d DCA 2002) (finding that defendant presented a facially sufficient claim by alleging that the claim could be determined from the trial court records and the county jail records).
With respect to case 04-20905, the postconviction court concluded that Mr. Igo *857 was in county jail from November 15, 2004, to April 7, 2005, and, therefore, entitled to 144 days' credit. Further, the postconviction court concluded that, because the judgment and sentence reflected that he only received 141 days' jail credit in case 04-20905, Mr. Igo was entitled to an additional 3 days' credit. Similarly, in case 04-20917, because the postconviction court concluded that Mr. Igo was in county jail from November 5, 2004, to April 7, 2005, he was entitled to 154 days' credit. The judgment and sentence reflected that Mr. Igo received only 153 days' jail credit in case 04-20917. Consequently, the postconviction court granted Mr. Igo one additional day of jail credit in case 04-20917.
The postconviction court's order refers to criminal report affidavits, judgments and sentences, and a general surety appearance bond to support its finding that Mr. Igo was in county jail from November 15, 2004, to April 7, 2005, in case 04-20905 and from November 5, 2004, to April 7, 2005, in case 04-20917. Unfortunately, the postconviction court did not attach to its order any criminal report affidavits or general surety appearance bonds for these two cases. Consequently, the documents attached to the postconviction court's order do not support its findings. Moreover, the postconviction court failed to refute conclusively Mr. Igo's claim that the trial court orally awarded him 185 days' jail credit in each case.
Accordingly, we reverse with directions for the postconviction court to reconsider Mr. Igo's claims for additional jail credit in cases 04-20905 and 04-20917. See Bailey v. State, 925 So.2d 382 (Fla. 2d DCA 2006). If the postconviction court, again, denies relief, it shall attach to its order those portions of the record that conclusively refute Mr. Igo's claims. Id.
Affirmed in part, reversed in part, and remanded.
STRINGER and SILBERMAN, JJ., Concur.