945 So.2d 588 (2006)
Kenneth W. MATHIS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-3191.
District Court of Appeal of Florida, Second District.
December 13, 2006.
LaROSE, Judge.
Kenneth W. Mathis appeals the summary denial of his motion for jail credit filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse and remand for further proceedings.
On June 26, 2004, Mr. Mathis was arrested for child abuse in case number 04-02766-CFAWS-4. The trial court released him on bond, but when Mr. Mathis failed to appear on April 11, 2005, he was rearrested on April 13, 2005. The State charged him, in case number 05-02794-CFAWS-4, with failure to appear.
Mr. Mathis claims entitlement to jail credit in the failure to appear case for time spent in county jail from April 28, 2005, to August 9, 2005. Mr. Mathis attached to *589 his rule 3.800(a) motion a county complaint affidavit reflecting that he was arrested on April 28, 2005, for failure to appear. The county complaint affidavit, however, refers to case number 04-02766-CFAWS-4, the child abuse case.
The postconviction court concluded that Mr. Mathis was not incarcerated in case number 05-02794-CFAWS-4 until June 14, 2005. The postconviction court attached to its order another county complaint affidavit reflecting that Mr. Mathis was arrested on a Pasco County warrant in case number 05-02794-CFAWS-4 on June 14, 2005. This affidavit, too, described the charge as a failure to appear.
Both Mr. Mathis and the postconviction court attached county complaint affidavits referring to the failure to appear charge; each, however, refers to a different case number and shows a different arrest date. Thus, an unresolved factual dispute remains concerning Mr. Mathis' date of arrest for the failure to appear charge.
Although Mr. Mathis sought relief under rule 3.800(a), jail credit issues involving disputed issues of fact can only be resolved pursuant to rule 3.850. See Fla. R.Crim. P. 3.850; Clifton v. State, 905 So.2d 1042, 1044 (Fla. 2d DCA 2005). Mr. Mathis' timely filed, sworn motion is facially sufficient under rule 3.850. Accordingly, we reverse and remand for reconsideration by the postconviction court. On remand, the postconviction court shall review the claim pursuant to rule 3.850.
Reversed and remanded.
ALTENBERND and CASANUEVA, JJ., concur.