959 So.2d 433 (2007)
Walter RICHIE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-5094.
District Court of Appeal of Florida, Second District.
June 29, 2007.
SALCINES, Judge.
Walter Richie appeals the summary denial of claims one and three of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm the postconviction court's denial of claim three without comment. We reverse the denial of claim one and remand for further proceedings.
On May 18, 2005, Richie admitted to violating the terms of his probation imposed in five Pinellas County circuit court cases. The trial court sentenced Richie to time served for all counts in circuit court case CRC 97-04772CFANO-K and to 121 months' prison on all counts in circuit court cases CRC 97-11794CFANO-K, CRC 97-15175CFANO-K, CRC 97-15296CFANO-K, and CRC 97-15978CFANO-K, with all sentences to run concurrently with each other. The trial court also granted jail credit in the latter four cases, with the amount ranging between ninety and 145 days. In his motion, Richie claims that the trial court granted him only fifteen days' jail credit but that he is entitled to an additional 800 days' credit for time he spent in Hillsborough County jail. The postconviction court summarily denied Richie's claim, finding that it was facially insufficient because he failed to provide proof of his Hillsborough County confinement.
"[J]ail credit issues involving disputed issues of fact can only be resolved pursuant to rule 3.850." Mathis v. State, 945 So.2d 588, 588 (Fla. 2d DCA 2006) (citing *434 Clifton v. State, 905 So.2d 1042, 1044 (Fla. 2d DCA 2005)). Because Richie's claim for jail credit involves a disputed issue of fact and he filed his sworn motion within two years of his violation of probation sentence becoming final, the postconviction court should have treated his motion as filed pursuant to rule 3.850. See Rinderer v. State, 857 So.2d 955 (Fla. 4th DCA 2003) (remanding the denial of a motion to correct sentence to the postconviction court to reconsider as if filed under rule 3.850 because the motion was sworn and timely under the rule); see also Snell v. State, 890 So.2d 1292 (Fla. 2d DCA 2005).
Accordingly, we reverse the denial of Richie's claim and remand. On remand, the postconviction court shall attach portions of the record that conclusively refute Richie's claim or, if necessary, hold an evidentiary hearing.
Affirmed in part, reversed in part, and remanded.
ALTENBERND and DAVIS, JJ., concur.