990 So.2d 1230 (2008)
Michael James GOODING, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-5898.
District Court of Appeal of Florida, Second District.
September 24, 2008.
DAVIS, Judge.
Michael Gooding filed a motion under Florida Rule of Criminal Procedure 3.800(a) alleging that he is due an additional 107 days of jail credit, and the postconviction court denied the motion. We reverse and remand for further proceedings.
Gooding was arrested on September 30, 2004, and charged in case number 04-CF-018258 with one count each of third-degree grand theft, organized fraud, and cashing or depositing an item with intent to defraud. He was released on bond on November 12, 2004, but eventually rearrested on other charges.
A circuit court "Detail Felony Calendar Report" for Gooding's case dated April 26, 2005, lists "date arrest" as April 20, 2005. Additionally, three documents headed "Hillsborough County Detention Department Certification of Commitment" each indicate a "date surrendered" of April 20, 2005.
However, in his motion, filed August 1, 2007, Gooding alleges that he was taken into custody on new charges as early as December 31, 2004, and that, as a result, his bond on the instant charges was revoked on January 3, 2005. He attached the progress docket for the new case,[1] reflecting an entry for January 3, 2005, as follows: "bonds revoked on felony 04-6791, 02-12446, 04-18258 leave as set JMM." The last-listed case number is that of the case on appeal. Cash bonds were set on the new charges, and there is no indication in the docket that bond was posted thereafter.
Gooding pleaded guilty to the three counts and was sentenced on August 31, *1231 2005, to five years' imprisonment, all sentences mutually concurrent. He was given 177 days of jail credit. In an earlier rule 3.800(a) proceeding, he was given one extra day of jail credit, bringing the total to 178 days. The 178 days represent September 30 to November 12, 2004, and April 20 to August 31, 2005.
Gooding's motion requests 107 days of additional jail crediti.e., the period from January 3 to April 20, 2005. The postconviction court denied the motion, relying on the April 20, 2005, arrest date listed in its records.
A motion filed pursuant to rule 3.800(a) is an appropriate means of requesting correction of "a sentence that does not grant proper credit for time served." Fla. R.Crim. P. 3.800(a). However, when a jail credit claim entails disputed issues of fact, the matter can only be resolved by means of a motion filed under rule 3.850. Clifton v. State, 905 So.2d 1042,1044 (Fla. 2d DCA 2005). Here, the court and Gooding have presented two apparently contradictory sets of information. On the one hand, there is the court calendar report indicating that an arrest in this case took place on April 20, 2005. As noted, this date forms part of the basis of the court's calculation of jail credit. On the other hand, the progress docket for another of Gooding's cases appears to indicate that his bond for the instant offenses was revoked on January 3, 2005, which would imply that he should receive credit from that date provided that he was in jail on these offenses at the time. See id. at 1043 (noting that a defendant is entitled to jail credit only from the date on which bond is revoked).
Because Gooding's claim involves a disputed issue of fact and because he has filed a sworn motion that is timely under rule 3.850, we reverse and remand for the postconviction court to address the motion as if filed under that rule. See Richie v. State, 959 So.2d 433, 433-34 (Fla. 2d DCA 2007). On remand, the postconviction court shall attach portions of the record that conclusively refute Gooding's claim or, if necessary, hold an evidentiary hearing.
Reversed and remanded.
ALTENBERND and SILBERMAN, JJ., Concur.
NOTES
[1] Case number 04-CF-024591.