BENTON, J.
On direct appeal, Danurel Daffin contends the trial court erred by denying his request for credit, on each of three concurrent sentences, for all the time he spent in county jail before the concurrent sentences were pronounced. We reverse and remand for award of credit on each concurrent sentence for the time he spent in jail before sentencing.
Mr. Daffin was arrested on June 11, 2008, on charges of violating conditions of probation which had been imposed for resisting an officer without violence, a misdemeanor. An affidavit alleged that he had violated probation by committing new crimes: sale of cocaine in case number 08-20CF; and battery on a law enforcement officer (count I), resisting arrest with violence (count II), and petit theft (count III) in case number 08-29CF. Inasmuch as the new law violations were the basis alleged for revocation, he was arrested for the new law violations themselves at the same time.
At first appearance the following day, Mr. Daffin admitted violating probation. The trial court thereupon revoked probation, and sentenced him to 180 days in jail on the initial, underlying offense (resisting an officer without violence). Bond was set on the new law violation charges, but he never posted bond, remaining in jail instead, serving his sentence for resisting an officer without violence and awaiting disposition of the new law violation charges pending in cases numbers 08-20CF and 08-29CF.
On October 28, 2008, he pleaded no contest to all new law violations charged in exchange for concurrent sentences of four years and six months’ imprisonment in case number 08-20CF; and, in case number 08-29CF, four years and six months’ imprisonment on both Counts 1 and 2, and one month’s imprisonment on count 3. On the sentencing forms, the box next to “original jail credit” was checked for each sentence, although the number of days’ credit was not specified,[1] except on the petit theft count, where a credit of 30 days (deemed the length of the whole sentence) was specified. All sentences were ordered *869 to run concurrently with one another as well as concurrently with “any active sentence being served,” which necessarily included the jail sentence imposed upon revocation of probation.
On November 3, 2008, Mr. Daffin filed a motion styled “Defendant’s Motion to Correct Sentence.” The motion recited that it was being filed “pursuant to Rule 3.800 Florida Rules of Criminal Procedure,” and alleged that the “fact that he was sentenced on the violation of probation before he was sentenced on the new charges does not affect his entitlement to jail credit on the sentence for the new charges.” The trial court entered an order denying the motion; and amended the written sentencing papers to reflect one day’s credit[2] for the sentence imposed in case number 08-20CF and for each of the sentences imposed on counts 1 and 2 in case number 08-29CF.
Filed less than a week after entry of judgments of conviction for, and imposition of sentences on, the new law violations, Mr. Daffin’s motion was a motion to correct sentencing errors pursuant to Florida Rule of Criminal Procedure 3.800(b)(1) (“During the time allowed for the filing of a notice of appeal of a sentence, a defendant or the state may file a motion to correct a sentencing error.”). Such a motion preserves alleged sentencing errors for review on direct appeal. See Amendments to Fla. Ride of Appellate Procedure 9.020(g) & Fla. Rule of Criminal Procedure 3.800, 675 So.2d 1374, 1375 (Fla.1996) (explaining the purpose of Rule 3.800(b) “is to ensure that a defendant will have the opportunity to raise sentencing errors on appeal”); Whitehead, v. State, 21 So.3d 157, 160 (Fla. 4th DCA 2009) (“A defendant must preserve a sentencing error by objecting at the time of sentencing or in a motion under Florida Rule of Criminal Procedure 3.800(b).” (citing Fla. R.App. P. 9.140(e))).
“Because a motion to correct a sentencing error involves a ‘purely legal issue,’ an appellate court’s standard of review for such a motion is de novo.” Willard v. State, 22 So.3d 864, 864 (Fla. 4th DCA 2009) (citing T.L.S. v. State, 949 So.2d 290, 291 (Fla. 5th DCA 2007)). Here as below, Mr. Daffin asserts a right to credit for the time he spent in jail[3] between June 12, 2008, and October 28, 2008, on each of his concurrent sentences, relying on this statutory language:
A sentence of imprisonment shall not begin to run before the date it is imposed, but the court imposing a sentence shall allow a defendant credit for all of the time she or he spent in the county *870 jail before sentence. The credit must be for a specified period of time and shall be provided for in the sentence.
§ 921.161(1), Fla. Stat. (2008). Our supreme court has made unmistakably clear that, pursuant to this provision, when “a defendant receives pre-sentence jail-time credit on a sentence that is to run concurrently with other sentences, those sentences must also reflect the credit for time served.” Daniels v. State, 491 So.2d 543, 545 (Fla.1986) (emphasis in original).
The trial court did award pre-sen-tence jail-time credit on the sentence it imposed for petit theft, and the credit covered part of the time during which Mr. Daffin was serving the sentence that began when probation was revoked. A similar credit should have been awarded on each of the other concurrent sentences.[4] Concurrent sentences have been defined as “[t]wo or more sentences of jail time to be served simultaneously.” Black’s Law Dictionary 1367 (7th ed. 1999). See generally State v. Rabedeau, 2 So.3d 191, 193 (Fla.2009). But “[(Concurrent sentences do not necessarily begin at the same time, and unless they are ordered to be coterminous, they will expire on different dates.” Llerena v. State, 953 So.2d 31, 33 (Fla. 3d DCA 2007) (citing Knight v. State, 832 So.2d 172, 172 (Fla. 3d DCA 2002)). In the present case, the concurrent sentences for the new law violations began later than the sentence pronounced upon revocation of probation to which they were all concurrent; and the petit theft sentence expired before any of the other sentences.
A defendant is not, of course, entitled to jail credit for concurrent sentences when the defendant was not actually in jail before sentencing in connection with the offenses for which the concurrent sentences are imposed. See, e.g., Gethers v. State, 838 So.2d 504, 505 (Fla.2003) (holding “that absent the execution of an arrest warrant, a defendant who is in jail in a specific county pursuant to an arrest on one or more charges need not be given credit for time served in that county on charges in another county when the second county has only lodged a detainer against the defendant”). If, for example, a defendant posts bond on one charge and is released, only to be reincarcerated later on other charges, he is then being held only on the charges occasioning the later arrest, until and unless the bond posted on the initial charge is revoked.[5] See Clifton v. State, 905 So.2d 1042, 1043 (Fla. 2d DCA *871 2005) (holding that, after defendant was released on bond in one case, when he was returned to jail on subsequent charges, he was only entitled to jail credit on sentences imposed in the subsequent cases from the date bond was revoked); Blake v. State, 807 So.2d 772, 773 (Fla. 2d DCA 2002) (holding that, where defendant was out on bond in two cases when he was arrested in a third case he was not entitled to jail credit on the sentences imposed in the first two cases unless his bond had been revoked).
In the present case, however, no bond was ever posted and the prisoner was detained in a single jail. The state does not argue otherwise. He was therefore entitled to credit under section 921.161(1) for the time he spent in jail between June 12, 2008, and October 28, 2008, awaiting sentencing for the new law violations. That he was simultaneously serving the sentence imposed upon revocation of probation in the prior misdemeanor case was expressly taken into account. When Mr. Daffin pleaded no contest to the new law violation charges, his sentences were ordered to run concurrently not only with one another but also with “any active sentence being served,” including the misdemeanor sentence he was then serving.
Reversed and remanded with directions to award credit for the time appellant spent in jail between June 12, 2008, and October 28, 2008, on each concurrent sentence.
KAHN and ROBERTS, JJ., concur.

. On the record at the plea and sentencing hearing, however, after some discussion about how much credit should be awarded, the judge awarded only one day's credit as to all counts except the petit theft.

. Although the trial judge indicated that the one day of credit was for "today” — October 28, 2008 — it is possible and perhaps more likely that he intended to award one day’s credit for June 11, 2008, the day Mr. Daffin spent in jail prior to his first appearance. Summarizing its position in the answer brief, the state argues: "Here, the defendant was in jail 'pending sentencing’ for both the misdemeanor and felony charges for only one day, June 11, 2008.”

. Before the prosecutor persuaded the trial court not to award 140 days’ jail credit on any sentence, the following exchange occurred at the sentencing hearing:
THE COURT: You’re given credit in each of these sentences for ...
THE BAILIFF: 140 days.
THE COURT: 140 days you’ve served in jail....
Summarizing its position in the answer brief, the state now argues:
Appellant was entitled to only one day of jail credit on the felony sentencefs], irrespective of the court's order that the felony sentence[s] run concurrent with "any active sentence.” The only benefit of the concurrency term to Appellant was that he was not obligated to finish his misdemeanor jail sentence before beginning his felony sentence.

. The supreme court, has “distinguish[ed] this situation from one in which the defendant does not receive concurrent sentences on multiple charges; in such a case the defendant 'is not entitled to have his jail time credit pyramided by being given credit on each sentence for the full time he spends in jail awaiting disposition.’ " Daniels v. State, 491 So.2d 543, 545 (Fla.1986) (quoting Martin v. State, 452 So.2d 938, 938-39 (Fla. 2d DCA 1984)); Barnishin v. State, 927 So.2d 68, 71 (Fla. 1st DCA 2006) ("If convicted of multiple offenses, the defendant must be given credit only on the first of consecutive sentences.”); Bell v. State, 573 So.2d 10, 11 (Fla. 5th DCA 1990) (same).

. Even when bond is not revoked, a trial court may exercise its discretion to allow a defendant jail credit on concurrent sentences. In State v. Pelham, 25 So.3d 1253 (Fla. 2d DCA 2010), the trial court had "expressed a desire for an 'equitable score adjustment’ because jail officials 'should have come off the bond on the new charges [in case 07-26854],’ allowing Mr. Pelham to accrue jail credit for all of his pending cases.” The Second District commented that
it is not unusual for a person to end up in jail accruing jail credit in one case while still technically "released” on bond in another case emanating from the same county. This is normally the result of an oversight within the criminal justice system and not a matter of intent. We frequently see cases in which a trial judge exercises discretion, often with the complete cooperation of the State, to correct this technical problem by granting additional jail credit in *871 the case where bond was not revoked. This act of discretion does not seem inappropriate to this court, and it eliminates a common source of difficult postconviction motions. Thus, while we mandate the trial court to impose a sentence under the criminal punishment code on remand, we are not reversing the award of jail credit that the State did not challenge on appeal.

Id.