NORTHCUTT, Judge.
 

 Wayne Zuehlke appeals the summary denial of his motion for jail credit filed pursuant to Florida Rule of Criminal Procedure 8.800(a).
 

 On June 20, 2009, Zuehlke was arrested in case number 2009-CF-017259 for driving under the influence and was released on bond on June 21, 2009. On September 2, 2009, Zuehlke was arrested again for driving under the influence and also for driving while license suspended in case number 2009-CF-017258. He remained in the Sarasota County Jail until he was sentenced on June 21, 2010, in case number 2009-CF-017259 and on June 24, 2010, in case number 2009-CF-017258.
 

 Zuehlke claims that he is entitled to 296 days of jail credit because the trial court incorrectly used December 8, 2009, the day a capias issued in case number 2009-CF-017259, as his arrest date when awarding jail credit. He argues that on that date, the charges in both case numbers were enhanced to felonies from misdemeanors and that only the ease numbers changed. He asserts that it is apparent from the face of the record that his actual arrest date was September 2, 2009, thus entitling him to 296 days of jail credit in both cases.
 

 The postconviction court denied the claim and attached records demonstrating that Zuehlke properly received 296 days of jail credit in case number 2009-CF-017258. But in case number 2009-CF-017259, he received only 196 days of credit. The postconviction court explained that because Zuehlke bonded out in case number 2009-CF-017259 on June 21, 2009, and the capias for the offense was not executed until December 8, 2009, he was only entitled to 196 days of jail credit.
 

 On appeal, Zuehlke argues, and we agree, that the postconviction court erred in denying his motion for additional jail credit because his bond in case number 2009-CF-017259 was revoked on September 3, 2009. Although the capias was not executed until December 8, 2009, Zuehlke began accruing jail credit in case number 2009-CF-017259 once his bond was revoked after he was taken into custody in case number 2009-CF-017258.
 
 See
 
 § 921.161, Fla. Stat. (2009);
 
 see also Clifton v. State,
 
 905 So.2d 1042, 1048 (Fla. 2d DCA 2005);
 
 Blake v. State,
 
 807 So.2d 772, 773 (Fla. 2d DCA 2002). Thus, he is entitled to jail credit from September 3, 2009, until he was sentenced on June 21, 2010. He has already received 196 days of credit for December 8, 2009, to June 21, 2010.
 

 Accordingly, we reverse and remand for the postconviction court to award Zuehlke ninety-six days of jail credit for the time he spent in jail from September 3, 2009, to December 7, 2009, in case number 2009-CF-017259.
 

 Reversed and remanded.
 

 MORRIS and BLACK, JJ., Concur.