NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JOHN DENNEWITZ,                          )
                                         )
            Appellant,                   )
                                         )
v.                                       )        Case No. 2D13-5086
                                         )
STATE OF FLORIDA,                        )
                                         )
            Appellee.                    )
                                         )
_____)

Opinion filed June 1, 2016.

Appeal from the Circuit Court for Pasco
County; William R. Webb, Judge.

Howard L. Dimmig, II, Public Defender,
and Judith Ellis, Assistant Public Defender,
Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Brandon R. Christian,
Assistant Attorney General, Tampa, for
Appellee.


MORRIS, Judge.

        John Dennewitz appeals the revocation of his probation and his resulting

prison sentences for the offenses of handling and fondling a child (count two) and lewd

and lascivious act upon a child (count three).  We affirm the revocation of probation

without comment, but we reverse his sentence and remand for resentencing.

After entering a no contest plea to the two charges (counts two and three) and an additional charge of handling and fondling (count one) in 1994, Dennewitz was placed on community control followed by probation. He violated his supervision three times, and on two separate occasions, he was sentenced to prison followed by probation.[1]

Relating to this appeal, Dennewitz's probation was revoked after a hearing in October 2013 for failure to comply with the rules of electronic monitoring, and he was sentenced to consecutive sentences of twelve years in prison on count two and fifteen years in prison on count three. During the pendency of this appeal, Dennewitz filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), arguing that he was entitled to Tripp credit[2] and raising three other sentencing errors. The trial court granted Dennewitz's claim for Tripp credit but denied the other three claims as moot. We reverse because the trial court erred in denying the other three claims.

First, Dennewitz contends that count one was improperly scored as "prior record" on his sentencing scoresheet used after the revocation of his probation in 2013. Dennewitz had already completed his sentence on count one (handling and fondling a child), which offense was alleged to have occurred during the same dates as his

---

[1]In 2004, Dennewitz appealed his third revocation and resulting prison sentences. This court reversed his illegal sentences and remanded for resentencing. Dennewitz v. State, 899 So. 2d 476 (Fla. 2d DCA 2005).

[2]Tripp v. State, 622 So. 2d 941, 942 (Fla. 1993).

remaining two offenses in counts two and three.[3]  Yet, count one was scored as "prior record" on the scoresheet used by the trial court in sentencing him in 2013.

The State concedes that it was error to include count one as "prior record" on Dennewitz's scoresheet because count one was not committed before the primary offense, count two.  See § 921.0015, Fla. Stat. (1991) (adopting and implementing Florida Rule of Criminal Procedure 3.701); Fla. R. Crim. P. 3.701(d)(5) (1992 & 1993) (defining "prior record" as "any past criminal conduct on the part of the offender, resulting in conviction, prior to the commission of the primary offense"); see also Sanders v. State, 35 So. 3d 864, 871 (Fla. 2010) (analyzing similar 1999 definition of "prior record" and holding that "offense must have been *committed* prior to the commission of the primary offense" "[t]o be scored as prior record").  The State also properly concedes that count one should not be scored as an "additional offense" because count one was not pending before the trial court at the time of the 2013 revocation sentencing.  See Fla. R. Crim. P. 3.701(d)(4) (providing that "[a]ll other offenses for which the offender is convicted" and that "are pending before the court at sentencing at the same time shall be scored as additional offenses"); Sanders, 35 So. 3d at 869 (applying similar 1999 definition of "additional offense" and holding that offenses could not be scored as additional offenses where defendant had already served the sentences on those offenses and they were not pending for sentencing at the revocation sentencing proceeding on another offense).

Further, the inclusion of these improper points on Dennewitz's scoresheet was not harmless error because the trial court expressed its intention to sentence

---

[3]All three offenses occurred between October 9, 1992, and June 30, 1993.

Dennewitz to the maximum sentence, which will be reduced when count one is removed from the scoresheet. See Sprankle v. State, 662 So. 2d 736, 737 (Fla. 2d DCA 1995) ("When a corrected scoresheet places the defendant in a different cell, the error cannot be presumed to be harmless, unless the record conclusively demonstrates that the trial court would have given the same sentence had it known the correct score."). Accordingly, we reverse Dennewitz's sentences and remand for resentencing using a corrected scoresheet that does not include count one as a prior or additional offense.

Dennewitz also claimed in his rule 3.800(b) motion that he was entitled to the proper amount of jail credit. He argued that he had received 976 days of jail credit when he was sentenced in June 2005 but that he only received 866 days of jail credit at the sentencing in October 2013. He argues that because he had at least 976 days of jail credit in 2005, he should have received at least that amount of jail credit, if not more, in 2013. The State responds that the record does not demonstrate the proper amount of jail credit to which Dennewitz is entitled but that a determination of jail credit should be made on resentencing for the scoresheet error. On remand, the trial court shall determine the proper amount of jail credit. See Dolinger v. State, 779 So. 2d 419, 421 (Fla. 2d DCA 2000) (reversing for reconsideration of defendant's sentence and holding that if defendant is resentenced, he "is entitled to a determination of the proper amount of jail credit"); see also Jenkins v. State, 749 So. 2d 527, 528 (Fla. 1st DCA 1999) ("A defendant is entitled to an award of credit for all time spent in the county jail prior to sentencing in a violation case, which includes all time spent in the county jail prior to the original sentencing plus all time spent in the county jail prior to any subsequent violation sentencings.").

-4-

Last, the revocation order contains a scrivener's error because it incorrectly states that Dennewitz entered an admission to the violation of community control. Dennewitz raised this issue in his rule 3.800(b) motion, and the State concedes on appeal that the revocation order should be corrected to reflect that the trial court found Dennewitz in violation after an evidentiary hearing. We also note that the order incorrectly states that Dennewitz had been on probation for two counts of handling and fondling a child and one count of lewd and lascivious act on a child, whereas he was serving probation on only one count of handling and fondling and one count of lewd and lascivious act. On remand, the trial court shall enter a corrected revocation order. See, e.g., Cooper v. State, 137 So. 3d 569 (Fla. 2d DCA 2014) (remanding for trial court to correct scrivener's errors in the revocation order).

Affirmed in part; reversed in part; remanded with instructions.

KELLY and BLACK, JJ., Concur.