PER CURIAM.
Appellant, Elijah Terrell McCool, appeals his sentence for felony battery, arguing that the trial court erred in denying his motion to correct sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(b). We agree with Appellant that his 2016 sentencing scoresheet erroneously included a sixth “prior record” misdemeanor. In doing so, we reject the State’s argument that the error was harmless because the points assessed for the sixth misdemeanor offense were the same as those that should have been assessed for misdemeanor battery as an “additional offense” on the scoresheet. See Sanders v. State, 35 So.3d 864, 869 (Fla. 2010) (noting that the appellant had completed the two-year probationary terms on his third-degree felonies when he violated his probation on other offenses and concluding that the third-degree felonies were not “additional offenses” because they were not pending for sentencing at the violation of probation proceeding); Somps v. State, 183 So.3d 1090, 1092 (Fla. 4th DCA 2015) (“An offense should not be scored as an additional offense following the revocation of a defendant’s probation if the defendant completed his sentence as to that offense before the VOP occurred.”); see also Dennewitz v. State, 192 So.3d 662, 663 (Fla. 2d DCA 2016) (noting that the State conceded that count one could not be counted as “prior record” on the appellant’s score-sheet because count one was not committed before the primary offense and could not be scored as an “additional offense” given that it was not pending before the trial court at the time of the 2013 revocation sentencing).
Based upon the foregoing, we reverse Appellant’s sentence and remand for resentencing based upon a correctly calculated scoresheet. On remand, the trial court should reevaluate the proper amount of jail credit Appellant is entitled to receive. As we have explained, “A defendant is entitled to an award of credit for all time spent in the county jail prior to sentencing in a violation case, which includes all time spent in the county jail prior to the original sentencing plus all time spent in the county jail prior to any subsequent violation sentencings.” Jenkins v. State, 749 So.2d 527, 528 (Fla. 1st DCA 1999); see also Nicholson v. State, 141 So.3d 757, 758 (Fla. 4th DCA 2014) (holding that the appellant was entitled to the 61 days of jail credit previously awarded as a time served sentence as well as any additional time served in jail before the revocation of probation and sentence); Kendrigan v. State, 941 So.2d 529, 529 (Fla. 4th DCA 2006) (“Appellant is entitled to credit for time served in jail from the date of his arrest for the new offenses if the new offenses constituted the basis for the revocation of probation in the instant cases.”).
REVERSED and REMANDED for re-sentencing.
WOLF, LEWIS, and WETHERELL, JJ., CONCUR.