# First District Court of Appeal
## State of Florida

_____

No. 1D18-1426
_____

MICHAEL JOHN TRIATIK,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Escambia County.
John L. Miller, Judge.

March 28, 2019


OSTERHAUS, J.,

    Michael Triatik argues that he is entitled to receive credit for time spent in county jail against all nine counts of his sentence, instead of against count 1 only. We disagree that jail credit must be given against all of the counts because he was sentenced with consecutive sentences. But we agree that credit should have been applied to the four misdemeanor counts because his jail credit time plus probation-served time exceeded the statutory maximum for these counts already by the time the court revoked his probation and sentenced him to consecutive sentences.

## I.

    In May 2017, Michael Triatik pled no-contest to nine charges, including extortion, felony failure to appear, two counts of

tampering with evidence, grand theft, and four counts of distribution of obscene material. The trial court withheld the imposition of a sentence and ordered Mr. Triatik to serve 24 months community control followed by 36 months probation for counts 1-5, running concurrently. For misdemeanor counts 6-9, the court ordered 12 months of probation for each count, concurrent with each other and with count 1. Mr. Triatik had spent 258 days in jail prior to the trial court's order imposing community control and probation.

About six months after this disposition, the State filed an affidavit of violation. Mr. Triatik had been arrested on 25 new criminal charges and was found in violation of his probation. The trial court then sentenced him to prison with consecutive sentences on the first five original counts—15 years incarceration for count 1; 5 years incarceration each for counts 2-5—as well as to 364 days in jail each for counts 6-9, concurrent with each other and with count 5. The court awarded him jail credit for the 258 days only against count 1, and he appealed.

While Mr. Triatik's appeal was pending, he filed a Rule 3.800(b)(2) motion contending, in part, that he was entitled to additional jail credit, including 258 days on counts 2-9 of his sentence because the court had originally ordered concurrent terms of community control and probation on the counts. He also argued that the court was without jurisdiction over counts 6-9 because the 1-year probation period had run before the affidavit of violation was filed. The trial court rejected both of these arguments.

## II.

Mr. Triatik's appeal of the motion to correct sentencing error involves purely legal issues which appellate courts review de novo. *Daffin v. State*, 31 So. 3d 867, 870 (Fla. 1st DCA 2010).

## A.

Mr. Triatik argues that he is entitled to have his original 258 jail credit days applied beyond count 1, to all of the counts, because the trial court originally imposed his community control and

2

probationary conditions "concurrently" on all the counts. We do not agree with his argument. We recognize that

> [a] defendant is entitled to an award of credit for all time spent in the county jail prior to sentencing in a violation case, which includes all time spent in the county jail prior to the original sentencing plus all time spent in the county jail prior to any subsequent violation sentencings.

*McCool v. State*, 211 So. 3d 304, 305 (Fla. 1st DCA 2017) (quoting *Jenkins v. State*, 749 So. 2d 527, 528 (Fla. 1st DCA 1999)). And it is also true that when concurrent sentences are imposed, a defendant is awarded jail credit on all counts. *State v. Rabedeau*, 2 So. 3d 191 (Fla. 2009).

But in this case, the only sentences imposed by the trial court were consecutive sentences. When consecutive sentences are imposed, "the defendant 'is not entitled to have his jail time credit pyramided by being given credit on each sentence for the full time he spends in jail awaiting disposition.'" *Daniels v. State*, 491 So. 2d 543, 545 (Fla. 1986) (citation omitted). "[A] defendant who is convicted of multiple offenses and sentenced to consecutive terms of imprisonment must be given presentence jail credit only on the first of the consecutive sentences." *Canete v. Fla. Dep't of Corr.*, 967 So. 2d 412, 415-16 (Fla. 1st DCA 2007). The trial court correctly followed the law here. Because Mr. Triatik was sentenced with consecutive sentences, and not concurrent ones, the trial court could lawfully apply his 258-day jail credit against count 1 only.

We understand Mr. Triatik's argument that the trial court locked itself into applying his jail credit across all the counts after it initially ordered him to serve community control and probation "concurrently." But the court's initial disposition didn't have this effect (except for the misdemeanor counts for the reason discussed below in B.). The rule from *Rabedeau* was that when incarcerative sentences have been imposed and served concurrently, and then subsequently changed to consecutive (after a probation violation), the defendant was entitled to have his jail credit applied on each of the concurrent sentences. 2 So. 3d at 193-94.

3

In this case, however, the order of community control and probation did not impose an incarcerative sentence, or any "sentence," implicating Mr. Triatik's jail credits. The trial court's community control and probation order withheld sentence and did not constitute a sentence. *See, e.g.*, *Mack v. State*, 823 So. 2d 746, 750 (Fla. 2002) ("probation is technically not a sentence"); *State v. Summers*, 642 So. 2d 742, 744 (Fla. 1994) ("A probationary period is not a sentence."); *Landeverde v. State*, 769 So. 2d 457, 462 (Fla. 4th DCA 2000) (discussing why, under Florida law, placing a defendant on probation and community supervision are generally not considered a "sentence"). The trial court ordered community control and probation in lieu of sentencing as a matter of its discretion and grace in accordance with what "the ends of justice and the welfare of society" appeared to require. § 948.01(2), Fla. Stat. (allowing a court to withhold sentencing and impose probation if it thinks a defendant is unlikely again to engage in criminal conduct). In the absence of a sentence, there was no requirement seven months later, when Mr. Triatik was actually sentenced, to offset his jail credit across all of the counts. At that point, the trial court was free to impose any sentence which it might have originally imposed, *see* § 948.06(2)(e), including imposing consecutive sentences with the application of jail credit limited to count 1. Only at sentencing did the trial court have to calculate and decide how his creditable jail time would be applied. *Barnishin v. State*, 927 So. 2d 68, 71 (Fla. 1st DCA 2006) (noting that "[n]ot until acquittal or initial sentencing does antecedent time in jail lose its protean character").

Thus, we see no error in the trial court's decision not to credit jail time against counts 2-5.

B.

For Mr. Triatik's misdemeanor offenses (counts 6-9), however, the facts of this case required the trial court to apply the 258 days of jail credit in order to keep the punishment from exceeding statutory maximums. Before his probation revocation and sentencing, Mr. Triatik had already satisfied the one-year maximum sentence for his misdemeanor offenses, counting the jail credit time plus the probation time which the court had ordered to be served *concurrently*. And so, the trial court no longer possessed

4

jurisdiction to revoke probation and impose jail time on these counts by the time the affidavit of violation was filed.

When a trial court imposes probation, it must credit jail time against the probationary term if the combined time would exceed the statutory maximum sentence. *See Grissinger v. State*, 905 So. 2d 982 (Fla. 4th DCA 2005); *Baldwin v. State*, 558 So. 2d 173 (Fla. 5th DCA 1990). Here, the statutory maximum for counts 6-9 was one year. In May 2017, the court ordered concurrent one-year probationary terms for counts 6-9, before which Mr. Triatik had already spent 258 days in jail awaiting disposition. Seven months later, in December 2017, by the time the State filed the affidavit of violation, Mr. Triatik had served seven months of probation plus served 258 jail days. This combination of incarceration and probation time—all served before the probation revocation— exceeded the one-year statutory maximums applicable to counts 6- 9. Thus, no probationary "balance" remained when the sentencing court revoked Mr. Triatik's probation and sentenced him to 364 days in jail. He had already served the maximum penalty for these counts and the court's jurisdiction to revoke his probation had been lost. *See Aponte v. State*, 896 So. 2d 836, 838 (Fla. 1st DCA 2005) (citing *Mundorff v. State*, 890 So. 2d 1234 (Fla. 1st DCA 2005) ("Because appellant's probation expired prior to his being charged with violating the terms and conditions thereof, the trial court no longer had jurisdiction to conduct a revocation hearing.")). For this reason, we reverse the judgment and sentences imposed as to counts 6-9, and remand for them to be stricken.

## III.

For the foregoing reasons, we AFFIRM in part and REVERSE in part the judgment and sentence, and REMAND for additional proceedings consistent with this opinion.

ROWE and RAY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Andy Thomas, Public Defender, and Joel Arnold, Assistant Public Defender, Tallahassee, for Appellant.

Ashley B. Moody, Attorney General, and Barbara Debelius, Assistant Attorney General, Tallahassee, for Appellee.