Per Curiam.
Lawrence George Robinson raises two issues on appeal: (a) whether the trial *1289 court's determination that he violated probation was based solely on hearsay, and (b) whether his sentence should be corrected to reflect an award of 104 days jail credit. We affirm as to the first issue, but reverse and remand as to the second. As the State concedes, the amended judgment and sentence did not reflect the corrected jail credit of 104 days' time served and should be corrected on remand. See McCool v. State , 211 So. 3d 304 (Fla. 1st DCA 2017) (explaining that a "defendant is entitled to an award of credit for all time spent in jail prior to sentencing in a violation of probation case, which includes all time spent in jail prior to original sentencing plus all time spent in jail prior to any subsequent violation sentencings.") (quoting Jenkins v. State , 749 So. 2d 527, 528 (Fla. 1st DCA 1999) ).
REVERSED and REMANDED for resentencing.
Makar, Winokur, and M.K. Thomas, JJ., concur.